**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH; DANNY WILLIAM MILLER JUNIOR; and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CUSTOMS AND BORDER PROTECTION, <br><br> *Defendants*. | Case No. 3:26-cv-01099-KC |

**JOINT MOTION FOR SCHEDULING ORDER**

1

In accordance with Federal Rules of Civil Procedure 6 and 26, Local Rule CV-16, and this Court's Standing Order on Pretrial Deadlines, Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and Center for Biological Diversity and Defendants Secretary Mullin, U.S. Department of Homeland Security, and U.S. Customs and Border Protection (collectively, the "Parties"), respectfully move for entry of a scheduling order in the above-captioned case as set forth below.[1]

I.      **Factual Background**

On February 17, 2026, DHS issued a waiver pursuant to Section 102(c) of the Immigration Reform and Immigrant Responsibility Act ("IIRIRA") covering the western segment of the Big Bend Sector, waiving the application of certain laws to authorize border barrier construction. On May 15, 2026, DHS issued a second waiver under the IIRIRA for an adjacent project area, later corrected and republished on June 9, 2026, to revise its geographic scope. It similarly invoked Section 102(c) to waive laws for construction activities through Big Bend Ranch State Park and Big Bend National Park.

Plaintiffs filed this suit against Defendants on April 16, 2026, ECF No. 1, alleging several violations of the U.S. Constitution. On June 11, 2026, Plaintiffs filed an amended complaint to include the recently issued May 15 and June 9, 2026 waivers. ECF No. 11. The amended complaint alleges that the new waivers suffer from the same constitutional defects challenged in the original

---

[1]     As detailed *infra* Section II, because the Parties agree the case can be expeditiously resolved through cross motions for summary judgment, the Parties move the court to order the proposed briefing schedule and further stay Defendants' obligation to respond to the complaint, the Parties' obligations set forth in Rule 26(f), and Judge Cardone's Standing Order on Pretrial Deadlines, until after the Court rules on the motions for summary judgment. The Parties have styled this filing as a motion pursuant to Federal Rule of Civil Procedure 6(b)(1), which allows courts to extend the time by which "an act may or must be done . . . for good cause . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." Fed. R. Civ. P. 6(b)(1)(A).

complaint and adds one additional claim arising from the new waivers.

## II.    Report of Parties' Initial Planning Meeting

On June 12, 2026, counsel for the Parties[2] met and conferred regarding a case management plan. The Parties discussed Plaintiffs' limited discovery needs under Rule 26(f), a proposed briefing schedule, and the government's timeline for border barrier construction. The Parties agree that this case is likely amenable to resolution on cross-motions for summary judgment and, accordingly, propose the following briefing schedule:

- Plaintiffs will file a Motion for Summary Judgment by July 17, 2026;

- Defendants will file a Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment within 21 days thereafter;

- Plaintiffs will file an Opposition to Defendants' Motion for Summary Judgment and Reply to Defendants' Opposition within 21 days thereafter;

- Defendants will file a Reply to Plaintiffs' Opposition within 14 days thereafter.

The Parties respectfully request that the Court issue a scheduling order adopting the Parties' agreed-upon briefing schedule as set forth above.

Given the Parties' agreement to resolve this case on cross-motions for summary judgment, the Parties respectfully move the Court to stay Defendants' obligation to respond to Plaintiffs' complaint under Rule 12 pending resolution of the motions. The Parties also agree that limited discovery by Plaintiffs is appropriate prior to briefing the cross-motions for summary judgment, with Defendants reserving all rights to object if deemed appropriate. The parties request that the court otherwise postpone the Parties' obligations set forth in Rule 26(f) and Judge Cardone's Standing Order on Pretrial Deadlines.

---

[2]    Zeynep Graves, Emma Yip, and Shannon Labuschagne represented all Plaintiffs; Alexander Yun represented all Defendants.

If the case is not resolved on cross-motions for summary judgment, Defendants agree to respond to Plaintiffs' complaint, and the Parties agree to file the full Report of Parties' Planning Meeting prescribed in Appendix A of Judge Cardone's Standing Order on Pretrial Deadlines, including a description of an early settlement conference for the purposes of assessing the viability and timeline for alternative dispute resolution, within 30 days of the Court's ruling on the motions. The Parties further stipulate that Defendants will respond to Plaintiff's limited discovery requests within 20 days. *See* Fed. R. Civ. Pro. 29(b) (permitting the Parties to stipulate procedures that do not extend the time for discovery without leave of court, unless ordered otherwise).

The Parties have consulted the Federal Rules on Civil Procedure, the Local Rules for the Western District of Texas, and Judge Cardone's Standing Orders, and believe that the above-referenced schedule and approach will serve judicial expediency and facilitate the timely resolution of this matter. Good cause supports the requested schedule and modifications to the court's typical deadlines because the Parties agree that early summary-judgment briefing is the most efficient means of resolving this matter, or at minimum narrowing the issues, in light of the anticipated border-barrier construction timeline described below.

Finally, Defendants have discussed their planned construction schedule with Plaintiffs, which is expected to begin mid-July 2026. Defendants state that no ground disturbance or border barrier construction is expected to occur within ten miles of the Sacred Heart Church or Plaintiff Danny William Miller Junior's property before February 2027, and that they will provide Plaintiffs' council with at least a 30 day notice prior to the commencement of any ground disturbing activities in Big Bend Ranch State Park or Big Bend National Park. Defendants agree to notify Plaintiffs if these dates change or more information is made available to them.

Dated: June 22, 2026    Respectfully submitted,


       */s/ Emma Yip*

       Emma Yip (CA Bar No. 352446)*
       Zeynep J. Graves (CA Bar No. 298533)*
       Shannon Eva Labuschagne (CA Bar No. 365633)
       Center for Biological Diversity
       2100 Franklin St., Ste 375
       Oakland, CA 94612
       Tel: (510) 844-7160
       Fax: (520) 623-9797
       zgraves@biologicaldiversity.org
       eyip@biologicaldiversity.org
       slabuschagne@biologicaldiversity.org

       Dustin Rynders (TX Bar No. 24048005)
       TEXAS CIVIL RIGHTS PROJECT
       P. O. Box 1108
       Houston, TX 77251
       Tel: (832) 767-3630 ext. 196
       dustin@texascivilrightsproject.org

       Kate Gibson Kumar (TX Bar No. 2413588)
       Alana Park (TX Bar No. 24150568)
       TEXAS CIVIL RIGHTS PROJECT
       P. O. Box 17757
       Austin, TX 78760
       Tel: (512) 474-5073 ext. 225
       kate@texascivilrightsproject.org
       alana@texascivilrightsproject.org

       *\* Admitted Pro Hac Vice*

       *Attorneys for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

/s/ Alexander J. Yun
ALEXANDER J. YUN (D.C. Bar No. 90028923)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*