**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FRIENDS OF THE RUIDOSA CHURCH; DANNY WILLIAM MILLER JUNIOR; and CENTER FOR BIOLOGICAL DIVERSITY,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CUSTOMS AND BORDER PROTECTION,

*Defendants.*

Case No. 3:26-cv-01099-KC

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENT TO AMENDED COMPLAINT**

## STATEMENT OF ISSUES

1. Whether to grant Plaintiffs leave to file a supplement to their amended Complaint.

## INTRODUCTION

Pursuant to Rule 15(d), Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and Center for Biological Diversity (Plaintiffs) move to supplement their amended complaint (ECF No. 11) to include a recently issued *fourth* waiver which impacts the ongoing litigation in the above-captioned case. Defendants consent to Plaintiffs supplementing the amended complaint and Plaintiffs do not request modifications to this Court's scheduling order (ECF No. 16).

## BACKGROUND

Plaintiffs filed the initial Complaint (ECF No. 1), on April 16, 2026 alleging that the 'West Waiver,' issued pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) violates the U.S. Constitution. *See* 91 Fed. Reg. 7297 (Feb. 17, 2026). After filing that pleading, the Secretary of Homeland Security issued two additional waivers pursuant to IIRIRA. Plaintiffs filed a First Amended Complaint (ECF No. 11), pursuant to Rule 15(a)(1) to amend pleadings as a matter of course, for the purpose of including the two new waivers (jointly referred to as the "National Park Waiver") and adding one claim for relief specific to the new waivers. *See* 91 Fed. Reg. 27969 (May 15, 2026); *as amended by* 91 Fed. Reg. 34831 (June 9, 2026). On June 23, 2026, this Court issued a scheduling order (ECF No. 16), setting forth a timeline for the Parties to file motions for summary judgment and responsive briefing.

On July 2, 2026, the Secretary of Homeland Security issued a fourth waiver which impacts the present case. The new waiver "amends the [West Waiver] by including additional legal requirements that are being waived." 91 Fed. Reg. 40550 (July 2, 2026). Two additional laws were

included in the list of those waived pursuant to IIRIRA: 33 U.S.C. § 408 and the Rivers and Harbors Act of 1899 (33 U.S.C. § 403 *et seq.*). *Id.* at 40551.

On July 1, 2026,[1] Plaintiffs emailed Defendants asking their position on Plaintiffs' plan to file a motion for leave to supplement the Complaint to add the new, July 2 waiver. Plaintiffs stated that the Supplement would not change or add any claims and that they would not request any amendments to the current briefing schedule. Defendants responded that they consented.

## ARGUMENT

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In deciding whether to permit supplementation, "a court may consider the same factors as when deciding a Rule 15(a) motion to amend pleadings." *Middaugh v. Interbank*, 528 F. Supp. 3d 509, 536 (N.D. Tex. 2021) (citations omitted). The Rule 15(a) factors "include considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and the futility of amendment." *Id.* (cleaned up) (quoting *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

Here, Plaintiffs have amended their pleadings once and now seek to supplement them—both instances in response to subsequent actions by Defendants to issue additional waivers in the Big Bend Sector. The present Supplement seeks to ensure that the full universe of waivers issued to construct border barrier within the Big Bend Sector fall within the folds of this case. Plaintiffs

---

[1] Plaintiffs emailed Defendants prior to the waiver's issuance because a proposed document was made available for public inspection prior to the waiver's final publication in the Federal Register.

have not acted with undue delay, bad faith, or dilatory motive, and are not acting to cure any deficiencies that were known at the time of filing earlier pleadings. Given that Defendants have consented to the Supplement, the proposed changes to the pleadings are minor, and that Plaintiffs are not requesting any modifications to the Court's scheduling order, there is no undue prejudice to the opposing parties. Finally, Plaintiffs' Supplement is not futile because it seeks to avoid possible confusion about the appropriate remedy if Plaintiffs prevail—namely, it aims to prevent the possible outcome of the West Waiver being set aside while the July 2 waiver amending it remains unaffected.

If Plaintiffs are granted leave to supplement the pleadings, the "West Waiver" will include 91 Fed. Reg. 7297 (Feb. 17, 2026), *as amended by* 91 Fed. Reg. 40550 (July 2, 2026), and the "National Park Waiver" will include 91 Fed. Reg. 27969 (May 15, 2026), *as amended by* 91 Fed. Reg. 34831 (June 9, 2026)—which, together, constitute the "Big Bend Waivers" at the heart of Plaintiffs' litigation.

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court grant Plaintiffs leave to file the Proposed Supplement to the First Amended Complaint, attached as Exhibit 1. A proposed order accompanies this motion.

DATED: July 10, 2026

Respectfully submitted,

*/s/* Emma Yip

Emma Yip (CA Bar No. 352446)*
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

Zeynep J. Graves (CA Bar No. 298533)*
Shannon Eva Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Kate Gibson Kumar (TX Bar No. 2413588)
Alana Park (TX Bar No. 24150568)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760
Tel: (512) 474-5073 ext. 225
kate@texascivilrightsproject.org
alana@texascivilrightsproject.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that the foregoing document and attachments were filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means.

DATED: July 10, 2026

Respectfully submitted,

*/s/* Emma Yip

Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

*Admitted Pro Hac Vice*