# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

|  |  |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH; DANNY WILLIAM MILLER JUNIOR; and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>*Defendants.* | Case No. 3:26-cv-01099-KC |

**PLAINTIFFS' UNOPPOSED MOTION TO EXPEDITE CONSIDERATION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1

**INTRODUCTION**

Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and Center for Biological Diversity (collectively, "Plaintiffs") respectfully ask this Court to expedite its consideration of Plaintiffs' Motion for Summary Judgment (ECF No. 19) in the above-captioned case.[1] Border barrier construction is now underway in the Big Bend region, including within Big Bend National Park (the "National Park"). Expedited consideration is warranted to prevent further irreparable harms to Plaintiffs and because Defendants have disregarded their previously agreed-upon commitment to provide at least 30 days' notice prior to commencing any ground disturbing activities in the National Park. Accordingly, Plaintiffs respectfully request that this Court expedite its consideration of Plaintiffs' Motion for Summary Judgment as set forth below. Alternatively, if the Court prefers to consider the Parties' cross motions for summary judgment together, Plaintiffs respectfully request that this Court expedite its considerations of the cross motions. Defendants do not oppose Plaintiffs' request to expedite proceedings, and reserve the right to respond.

**BACKGROUND**

Plaintiffs filed their initial Complaint (ECF No. 1) on April 16, 2026 alleging that the West Waiver, issued pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") violates the U.S. Constitution. Plaintiffs subsequently amended (ECF No. 11) and supplemented (ECF No. 18) their Complaint to include new waivers issued by Defendant Secretary of Homeland Security, Markwayne Mullin.

---

[1]   Additionally, Plaintiffs plan to request leave to supplement their Complaint to include a new waiver, issued pursuant to Section 102 of IIRIRA, implicating the present case. The new waiver rises and falls on the same arguments alleged in the operative Complaint and, given the urgency of resolving Plaintiffs' Motion for Summary Judgment as expeditiously as possible, Plaintiffs respectfully submit that supplementation should not impede or otherwise affect the prompt resolution of Plaintiffs' pending Motion.

On June 12, 2026, counsel for the Parties met and conferred regarding a case management plan. During that meeting and in subsequent communications, the Parties discussed planned construction schedules in the Big Bend region. *See* Declaration of Emma Yip ("Yip Decl.") ¶ 3 & Ex. 1. Among other things, Defendants stated that they would provide Plaintiffs with at least 30 days' notice prior to the commencement of any ground disturbing activities in the National Park (the "Agreement"). ECF No. 15 at 4; Yip Decl. ¶ 3 & Ex. 1 at 12–14. In reliance on this Agreement, Plaintiffs joined Defendants in proposing a briefing schedule to resolve this case through summary judgment motions, along with an extended filing timeline, which this Court granted (ECF No. 16).

Plaintiffs filed their Motion for Summary Judgment on July 17, 2026 (ECF No. 19).

Beginning around the week of July 27, 2026, Plaintiffs' counsel received communications from Plaintiffs and community members that construction in the National Park was imminent. On July 28, 2026, Plaintiffs asked Defendants to confirm that "the government still intend[s] to provide" 30 days' notice prior to commencing construction in the National Park. Yip Decl. ¶ 3 & Ex. 1 at 7. On July 29, 2026, Defendants confirmed that they "still plan to provide notice" in accordance with the Parties' Joint Motion for Scheduling Order (ECF No. 15). Yip Decl. ¶ 3 & Ex. 1 at 7. On Thursday, July 30, 2026, Defendants informed Plaintiffs that contractors in the National Park anticipated beginning activities such as "geotechnical testing, clearing and grubbing (i.e. removing vegetation to get to the geotech sites), and pioneering (i.e. creating a rudimentary access route into the project area)" plus potential "repairs to existing roads due to recent storms." Yip Decl. ¶ 3 & Ex. 1 at 5–6. On Friday, July 31, 2026, Defendants clarified that this work would begin "next week," meaning the week of August 3, 2026. Yip Decl. ¶ 3 & Ex. 1 at 4–5.

On Monday, August 3, 2026, Plaintiffs provided Defendants with notice of intent to file for emergency, expedited injunctive relief unless Defendants suspended all ground disturbing

activities in the Big Bend Sector until resolution of Plaintiffs' Motion for Summary Judgment. Yip Decl. ¶ 4 & Ex. 2.

On August 4 and 5, 2026, Defendants declined to suspend construction in the Big Bend Sector while the Parties' summary judgment motions are pending, or even, consistent with the Parties' Agreement, agree to a more limited pause on construction in the National Park until 30 days after initially providing Plaintiffs with notice. Yip Decl. ¶ 3 & Ex. 1 at 2–4. However, in lieu of pursuing duplicative briefing for a preliminary injunction alongside summary judgment briefing, Defendants agreed to expediting the current summary judgment briefing schedule, stating that they would file their final reply within seven days of Plaintiffs' response/reply. Yip Decl. ¶ 3 & Ex. 1 at 3–4.

Pursuant to this Court's scheduling order (ECF No. 16), Defendants' Motion for Summary Judgment and response to Plaintiffs' Motion for Summary Judgment is due no later than tomorrow, August 7, 2026.

## ARGUMENT

Construction is now underway in the National Park. *See* Declaration of Laiken Jordahl ("Jordahl Decl.") ¶¶ 4–7 & Ex. 3–4; Yip Decl. ¶ 5 & Ex. 3. Video footage from the week of August 3, 2026 depicts bulldozers breaking ground by clearing plant life and moving earth in the National Park, near Santa Elena Canyon. *Id.* Despite Defendants' assurance that Plaintiffs would receive at least 30 days' notice prior to the commencement of any ground disturbing activities in the National Park, Defendants provided approximately four days' notice and refused to pause construction activities to honor the Parties' Agreement.[2] Absent immediate relief, Plaintiffs face imminent and

---

[2]    The government has demonstrated a pattern of violating state and local agreements regarding border barrier construction. *See* Yip Decl. ¶¶ 6–7 & Exs. 4–5. More broadly, it has

irreparable injury. If construction is allowed to continue, vegetation will be removed, habitat will be fragmented, cultural and historic resources may be disturbed, and the character of the Big Bend landscape will be permanently altered.

Accordingly, and to avoid duplicative briefing for a temporary restraining order/preliminary injunction alongside the summary judgment motions, Plaintiffs respectfully request that this Court grant expedited relief on their Motion for Summary Judgment, which is soon to be fully briefed.[3]

Plaintiffs will file their response and reply no later than Friday, August 14, two weeks ahead of the deadline established by the current scheduling order (ECF No. 16 at 2). Defendants state that they will file their final reply brief within seven days of Plaintiffs' filing. Thus, the Court will have before it all necessary information to resolve Plaintiffs' Motion by August 14 and all briefing for both Parties' Motions no later than August 21.[4] Accordingly, we respectfully request that this Court schedule a hearing or issue a ruling as expeditiously as possible in light of ongoing activities on the ground.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant its Motion to Expedite Consideration of Plaintiffs' Motion for Summary Judgment.

---

repeatedly sought to expedite border barrier construction by circumventing or disregarding otherwise applicable legal requirements and approval procedures.

[3]     Because harm is ongoing and Plaintiffs lack a clear understanding of the forthcoming construction plans in the National Park, Plaintiffs may need to request a temporary restraining order or preliminary injunction prior to resolution of this case.

[4]     The Court need not wait for reply briefs to schedule a hearing or issue an opinion resolving the Parties' motions. Local Rule CV-7(e)(2).

DATED: August 6, 2026          Respectfully submitted,

*/s/ Emma Yip*
Emma Yip (CA Bar No. 352446)*
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

Zeynep J. Graves (CA Bar No. 298533)*
Shannon Eva Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Kate Gibson Kumar (TX Bar No. 2413588)
Alana Park (TX Bar No. 24150568)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760
Tel: (512) 474-5073 ext. 225
kate@texascivilrightsproject.org
alana@texascivilrightsproject.org

*\* Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically through the CM/ECF

system, which causes all parties or counsel to be served by electronic means.


DATED: August 6, 2026             Respectfully submitted,

                                  */s/* Emma Yip
                                  _____
                                  Emma Yip (CA Bar No. 352446)
                                  Center for Biological Diversity
                                  2100 Franklin St., Ste 375
                                  Oakland, CA 94612
                                  Tel: (206) 858-2297
                                  Fax: (520) 623-9797
                                  eyip@biologicaldiversity.org

                                  *Admitted Pro Hac Vice*