**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

|  |  |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH; DANNY WILLIAM MILLER JUNIOR; and CENTER FOR BIOLOGICAL DIVERSITY, | Case No. 3:26-cv-01099-KC |
| *Plaintiffs*, | |
| v. | |
| MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CUSTOMS AND BORDER PROTECTION, | |
| *Defendants.* | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND
SUPPLEMENT TO FIRST AMENDED COMPLAINT**

**STATEMENT OF ISSUES**

1.      Whether to grant Plaintiffs leave to file a Second Supplement to their First Amended and

Supplemented Complaint.

**INTRODUCTION**

Pursuant to Rule 15(d), Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and Center for Biological Diversity (collectively, "Plaintiffs") move for leave to file a Second Supplement to their First Amended and Supplemented Complaint (ECF No. 18) to include a recently issued *fifth* waiver (the "Lower Canyons Waiver"), which impacts the ongoing litigation in the above-captioned case. Defendants consent to Plaintiffs filing a Second Supplement and Plaintiffs do not request modifications to this Court's scheduling order (ECF No. 16). Because Plaintiffs have already moved for summary judgment (ECF No. 19) and requested expedited relief (ECF No. 21), Plaintiffs request that briefing for the Lower Canyons Waiver be stayed until resolution of the Parties' summary judgment motions and that this Court consider those filings as partial motions for summary judgment.

**SUMMARY OF BIG BEND WAIVERS**

| DATE | FED. REG. CITATION | TITLE | STATUS |
|---|---|---|---|
| 2/17/26 | 91 Fed. Reg. 7297 | West Waiver | Later amended |
| 5/15/26 | 91 Fed. Reg. 27969 | National Park Waiver | Later amended |
| 6/9/26 | 91 Fed. Reg. 34831 | National Park Waiver | In force |
| 7/2/26 | 91 Fed. Reg. 40550 | West Waiver | In force |
| 7/27/26 | 91 Fed. Reg. 46939 | Lower Canyons Waiver | In force |

**BACKGROUND**

Plaintiffs filed the initial Complaint (ECF No. 1) on April 16, 2026, alleging that the West Waiver, issued pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") violates the U.S. Constitution. *See* 91 Fed. Reg. 7297 (Feb. 17, 2026). Subsequently, the Secretary of Homeland Security issued additional waivers pursuant to IIRIRA that implicate the present action. Plaintiffs filed a First Amended Complaint (ECF No. 11) to include the "National Park Waiver," as amended on June 9, 2026, in pleadings, and subsequently filed an unopposed motion to supplement (ECF No. 17) to include the July 2, 2026 amendment to the West Waiver.

Plaintiffs filed their Motion for Summary Judgment on July 17, 2026 (ECF No. 19) and Motion to Expedite on August 6, 2026 (ECF No. 21).

On July 27, 2026, the Secretary of Homeland Security issued a new, *fifth* waiver which impacts the above-captioned case. *See* 91 Fed. Reg. 46939 (July 27, 2026) ("Lower Canyons Waiver"). The new waiver begins where the National Park Waiver ends, at the eastern edge of Black Gap Wilderness Area (GPS point 29.728522, -102.683945), and follows the Rio Grande's Lower Canyons until the eastern edge of Lake Amistad.

On July 28, 2026, Plaintiffs requested Defendants' position on their plan to file a motion for leave to supplement the operative Complaint to add the July 27 Lower Canyons Waiver. Defendants consented.

**ARGUMENT**

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

In deciding whether to permit supplementation, "a court may consider the same factors as when deciding a Rule 15(a) motion to amend pleadings." *Middaugh v. Interbank*, 528 F. Supp. 3d 509, 536 (N.D. Tex. 2021) (citations omitted). The Rule 15(a) "factors include considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and the futility of amendment." *Id.* (cleaned up) (quoting *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

Here, Plaintiffs have amended and supplemented their pleadings and now seek a second supplementation in response to Defendants' issuance of yet another waiver. The present Supplement seeks to ensure that all waivers authorizing border barrier construction within the Big Bend region fall within the folds of this case. Plaintiffs have not acted with undue delay, bad faith, or dilatory motive, and are not acting to cure any deficiencies that were known at the time of filing earlier pleadings. To the contrary, Plaintiffs have moved to amend and supplement the operative pleadings promptly following the issuance of new waivers bearing directly on the claims and relief at issue in this case. Additionally, the already pleaded claims that apply to the Lower Canyons Waiver present nothing new for Defendants. *See Garment Int'l Grp., Inc. v. Apparel Mktg. & Operations*, No. EP-00-CA-32-DB, 2001 U.S. Dist. LEXIS 26471, at *2 (W.D. Tex. Feb. 6, 2001) (granting leave to supplement where the proposed allegations presented "nothing new" to defendants). Given that Defendants have consented to the Supplement, the proposed changes to the pleadings are minor, and that Plaintiffs are not requesting any modifications to the Court's scheduling order, there is no undue prejudice to the opposing parties.

Finally, Plaintiffs' Supplement is not futile because it seeks to ensure that all waivers implicated in Plaintiffs' challenge to this administration's plan to construct a "Great Wall" through

4

the Big Bend region are before this Court in a single action. Doing so will conserve judicial and party resources, avoid parallel litigation, and reduce the risk of potentially conflicting judicial determinations.

Because summary judgment briefing is already underway, and to avoid disrupting the expedited schedule requested by Plaintiffs (ECF No. 21), Plaintiffs respectfully request that, if leave to file a second supplement is granted, the Court stay briefing on the Lower Canyons Waiver and consider the Parties' pending summary judgment motions as *partial* motions for summary judgment. This approach will permit the Parties to proceed under the existing briefing schedule and promote the efficient resolution of the claims already before this Court.

Border barrier related construction and ground-disturbing activities have already begun in some areas covered by the West Waiver and the National Park Waiver, making Plaintiffs increasingly concerned about any delays in the present matter. *See* Pls.' Unopposed Mot. to Expedite (ECF No. 21) at 4; Decl. of Laiken Jordahl (ECF No. 21-7) ¶¶ 4–7 & Ex. 1; Decl. of Emma Yip (ECF No. 21-1) ¶ 5 & Ex. 3.

Additionally, while Plaintiffs believe that the July 27 determination constitutes the final waiver necessary to geographically encompass the entirety of the Big Bend Sector, Defendant Department of Homeland Security has issued two revisionary waivers in the past two months, indicating that additional waivers may be forthcoming. Plaintiffs believe the most efficient way to resolve the Lower Canyons Waiver and any potential future revisions to the Big Bend Waivers is through supplementation of the current case and staying resolution of all new waivers until the conclusion of current briefing. Plaintiffs expect that any future supplementation for additional waivers, like the Lower Canyons Waiver, will not necessitate adding additional claims or amending the merits of Plaintiffs' arguments. Upon resolution of the pending summary judgment

motions, the Parties will be positioned to expeditiously resolve the Lower Canyons Waiver and any revisionary waivers based on the Court's ruling regarding the National Park and West Waivers. In other words, resolution of the Lower Canyons Waiver should necessitate only limited additional briefing, if any, and will ultimately rise and fall on the Court's decision regarding Plaintiffs' Motion for Summary Judgment (ECF No. 19).

If Plaintiffs are granted leave to supplement the pleadings, the "West Waiver" will include 91 Fed. Reg. 7297 (Feb. 17, 2026), *as amended by* 91 Fed. Reg. 40550 (July 2, 2026), the "National Park Waiver" will include 91 Fed. Reg. 27969 (May 15, 2026), *as amended by* 91 Fed. Reg. 34831 (June 9, 2026), and the "Lower Canyons Waiver" will include 91 Fed. Reg. 46939 (July 27, 2026)—which, together, will constitute the "Big Bend Waivers" at the heart of Plaintiffs' litigation.

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court grant Plaintiffs leave to file the proposed First Amended and Second Supplemented Complaint, attached as Exhibit 1.

DATED: August 7, 2026         Respectfully submitted,

*/s/* Emma Yip

Emma Yip (CA Bar No. 352446)*
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

Zeynep J. Graves (CA Bar No. 298533)*
Shannon Eva Labuschagne (CA Bar No. 365633)
Center for Biological Diversity

6

2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Kate Gibson Kumar (TX Bar No. 2413588)
Alana Park (TX Bar No. 24150568)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760
Tel: (512) 474-5073 ext. 225
kate@texascivilrightsproject.org
alana@texascivilrightsproject.org


*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

I certify that the foregoing document and attachments were filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means.

DATED: August 7, 2026                Respectfully submitted,

*/s/* Emma Yip
Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

*Admitted Pro Hac Vice*