IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRIENDS OF THE RUIDOSA CHURCH et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-1099-KC |
| MARKWAYNE MULLIN et al., | § § § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered the case.  On June 23, 2026, the Court granted the

parties Joint Motion for Scheduling Order, ECF No. 15, and entered a briefing schedule for cross

motions for summary judgment.  June 23, 2026, Order 1–2, ECF No. 16.  Pursuant to that

briefing schedule, Plaintiffs filed their Motion for Summary Judgment on July 17, 2026.  *See*

Mot. Summ. J., ECF No. 19.  Defendants' response to Plaintiffs' Motion for Summary

Judgment, as well as their own cross motion for summary judgment, are due today, August 7.

June 23, 2026, Order 2.

On August 6, Plaintiffs filed an Unopposed Motion to Expedite, ECF No. 21.  Plaintiffs

seek expedited consideration of their Motion for Summary Judgment, ECF No. 19, because

"[b]order barrier construction is now underway in the Big Bend region."  Mot. Expedite 2.  Thus,

Plaintiffs argue, "[e]xpedited consideration is warranted to prevent further irreparable harms."

*Id.*

As best the Court can tell, Plaintiffs now seek adjudication of their Motion for Summary

Judgment before adjudication of Defendants' forthcoming cross motion for summary judgment.

*See id.*  Or, in the alternative, expedited adjudication of both motions.  *See id.*  Defendants do not

oppose Plaintiffs' request to expedite adjudication of the motions. *See id.* And, "in lieu of pursuing duplicative briefing for a preliminary injunction alongside summary judgment briefing," Defendants have agreed to file their final reply within seven days of Plaintiffs' response to Defendants' cross motion and reply in further support of their Motion for Summary Judgment, which Plaintiffs now plan to file on August 14. *See id.* at 4–5.

It thus appears that the parties have agreed to an expedited briefing scheduling for the cross motions for summary judgment. Of course, they may file briefing ahead of schedule without leave. However, Plaintiffs not only seek to amend and expedite the current briefing schedule, but also to expedite this Court's consideration of their Motion for Summary Judgment, and, in the alternative, both motions for summary judgment. They do not provide a date by which they request the Court to complete this expedited consideration. *See generally id.*

Moreover, the impetus for Plaintiffs' request is the "imminent and irreparable injury" they face through the "permanent[] alter[ation]" of "the Big Bend landscape" "[a]bsent immediate relief." *Id.* at 4–5. This type of request is generally brought as a request for a preliminary injunction under Federal Rule of Civil Procedure 65. *See, e.g.*, *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) ("The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits." (citation omitted)). Plaintiffs even recognize that "[b]ecause harm is ongoing . . . [they] may need to request a temporary restraining order or preliminary injunction prior to resolution of this case." Mot. Expedite 5 n.3. Yet they do not explain why expediting a final adjudication on the merits in this case would be a more efficient use of judicial resources than an adjudication of a preliminary injunction request. Contrary to the contention that briefing on a preliminary injunction would be duplicative of the parties' cross motions for

summary judgment, the standard governing preliminary injunctions requires consideration, not only of the substantial likelihood of success on the merits but also the threat of irreparable harm and the competing equities. *See  Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citation omitted).

Accordingly, the Court **ORDERS** that the Motion to Expedite, ECF No. 21, is **TAKEN UNDER ADVISEMENT**.

**IT IS FURTHER ORDERED** that Plaintiffs shall **FILE** an advisory **by no later than August 14, 2026**, (i) stating the date by which they are requesting expedited consideration of their Motion for Summary Judgment, or, in the alternative, both motions for summary judgment; and (ii) explaining why they believe that expedited adjudication of the motions for summary judgment is a more efficient use of judicial resources than adjudication of a motion for a preliminary injunction under Rule 65.

**SO ORDERED**.

**SIGNED this 7th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3