**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH; DANNY WILLIAM MILLER JUNIOR; and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CUSTOMS AND BORDER PROTECTION, <br><br> *Defendants*. | Case No. 3:26-cv-01099-KC |

**PLAINTIFFS' ADVISORY REGARDING MOTION TO EXPEDITE**

Pursuant to the Court's Order (ECF No. 25), Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and the Center for Biological Diversity ("Plaintiffs"), respectfully submit this Advisory to request that the Court consider one or both motions for summary judgment (ECF Nos. 19 & 24) within two weeks after briefing concludes. Additionally, as discussed below, Plaintiffs' request for expedited consideration is based on the Parties' good faith attempts to confer on the case and avoid parallel merits briefing for complex claims. Ultimately, Plaintiffs defer to the Court's preference regarding the vehicle through which it assesses the merits and considers relief under an expedited time frame. If the Court would be better positioned to address emergency proceedings through the preliminary injunction framework, Plaintiffs are prepared to move directly to briefing under Rule 65. Unless the Court directs otherwise, Plaintiffs will determine whether to seek a preliminary injunction on or before August 19, 2026.

1

I.     **Requested Dates for Expedited Consideration**

Plaintiffs respectfully request that this Court issue its decision on Plaintiffs' Motion for Summary Judgment by August 28, 2026 or, if considering both Parties' cross-motions, by September 4, 2026.

II.    **Plaintiffs Seek Expedited Summary Judgment to Conserve Judicial Resources and Obtain Resolution on the Merits.**

Plaintiffs seek expedited consideration of their summary judgment briefing because, after conferring with Defendants, they concluded that an accelerated merits schedule would best conserve judicial resources and avoid the need for parallel merits briefing.

After conferring with Defendants, an expedited briefing schedule presented as a reasonable and cooperative path forward that could avoid duplicative efforts by both the Parties and the Court. Although Rule 65 requires consideration of factors beyond the merits, the likelihood of success analysis would necessarily involve the same constitutional questions currently before the Court on summary judgment. Plaintiffs therefore sought to avoid initiating a second track of briefing that would require the Parties to revisit many of the same legal issues already headed for full merits adjudication before this Court, but in a compressed emergency posture.

Additionally, Plaintiffs are cognizant of the unique nature of this litigation. This case presents constitutional questions that, to Plaintiffs' knowledge, are without meaningful precedent under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). Because the facts underlying the case are unprecedented, Plaintiffs believed it would be beneficial for the Court to address them through the developed record and briefing associated with final merits adjudication, rather than through the necessarily preliminary framework of a likelihood of success determination. Plaintiffs viewed expedited summary judgment as a mechanism for obtaining an efficient resolution of the Parties' legal dispute, rather than requiring the Court first to assess the

same questions through a preliminary injunction proceeding and then revisit those issues later at the merits stage.

In short, Plaintiffs' request was motivated by a desire to cooperate with Defendants, simplify proceedings, avoid duplicative briefing, and provide the Court with the fullest possible presentation of these important constitutional questions.

**III.     Plaintiffs Remain Prepared to Proceed Immediately with Preliminary Injunction Briefing.**

Plaintiffs recognize, and do not dispute, this Court's observation that requests predicated on ongoing irreparable harm are ordinarily addressed through motions for preliminary injunction. Plaintiffs' request for expedited summary judgment was not intended to depart from that general principle, but rather reflected their belief that, under the circumstances presented here, expedited merits adjudication would most efficiently resolve the Parties' dispute while avoiding duplicative briefing and judicial effort.

Accordingly, if the Court concludes that it is unable to resolve the pending cross-motions for summary judgment within the expedited timeframe requested by Plaintiffs, or otherwise determines that a preliminary injunction is the more appropriate procedural mechanism for considering expedited relief under the present circumstances, Plaintiffs are prepared to proceed immediately with preliminary injunction briefing. Unless the Court directs otherwise, Plaintiffs will determine whether to seek a preliminary injunction and, if they elect to do so, will file such a motion on or before August 19, 2026. Plaintiffs remain committed to conserving judicial resources and proceeding in the manner the Court deems most appropriate and most conducive to the efficient administration of this litigation.

DATED: August 12, 2026                 Respectfully submitted,

                                       */s/* Emma Yip
                                       Emma Yip (CA Bar No. 352446)*
                                       Center for Biological Diversity
                                       2100 Franklin St., Ste 375
                                       Oakland, CA 94612
                                       Tel: (206) 858-2297
                                       Fax: (520) 623-9797
                                       eyip@biologicaldiversity.org

                                       Zeynep J. Graves (CA Bar No. 298533)*
                                       Shannon Eva Labuschagne (CA Bar No. 365633)
                                       Center for Biological Diversity
                                       2100 Franklin St., Ste 375
                                       Oakland, CA 94612
                                       Tel: (510) 844-7160
                                       Fax: (520) 623-9797
                                       zgraves@biologicaldiversity.org
                                       slabuschagne@biologicaldiversity.org

                                       Dustin Rynders (TX Bar No. 24048005)
                                       TEXAS CIVIL RIGHTS PROJECT
                                       P. O. Box 1108
                                       Houston, TX 77251
                                       Tel: (832) 767-3630 ext. 196
                                       dustin@texascivilrightsproject.org

                                       Kate Gibson Kumar (TX Bar No. 2413588)
                                       Alana Park (TX Bar No. 24150568)
                                       TEXAS CIVIL RIGHTS PROJECT
                                       P. O. Box 17757
                                       Austin, TX 78760
                                       Tel: (512) 474-5073 ext. 225
                                       kate@texascivilrightsproject.org
                                       alana@texascivilrightsproject.org

                                       *Admitted Pro Hac Vice*

                                       *Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means.

DATED: August 12, 2026

Respectfully submitted,

*/s/* Emma Yip
Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

*Admitted Pro Hac Vice*