**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FRIENDS OF THE RUIDOSA CHURCH et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1099-KC** |
| | § | |
| **MARKWAYNE MULLIN et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On this day, the Court considered the case. On August 17, 2026, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order or Preliminary Injunction ("PI Motion"), ECF No. 34. On August 18, the Court ordered Respondents to file a response to the PI Motion by August 24. Aug. 18, 2026, Order, ECF No. 36.

On August 20, Plaintiffs filed a Motion for a Hearing, ECF No. 37, requesting that the Court schedule a hearing on their PI Motion. Plaintiffs state that they "believe adjudication of the Motion and their request for preliminary injunctive relief would be aided by a hearing." *Id.* at 3. "Defendants' position is that the Motion can be decided by the Court on the basis of the parties' written submissions without a hearing." *Id.*

Defendants have now filed their Response to the PI Motion, ECF No. 38. And Plaintiffs have filed a Reply, ECF No. 39.

Upon review of the parties' submissions, the Court finds that there are relevant factual disputes that require an evidentiary hearing. Because the legal issues have been robustly briefed, the Court notes that it does not require oral argument from the parties' attorneys on the legal issues.

Accordingly, the Court **ORDERS** that Plaintiffs' Motion for a Hearing, ECF No. 37, is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **SET** for a **HEARING** **in-person** on **Thursday, September 3, 2026, at 1:00 p.m.** in Courtroom 522, United States Courthouse, 525 Magoffin Ave., El Paso, Texas 79901. The parties' attorneys should come to the hearing prepared to present any evidence in support of their positions on the following topics:

(1) Whether the Big Bend Sector is an "area of high illegal entry into the United States," *see* Illegal Immigr. Reform and Immigr. Resp. Act, Pub. L. No. 104-208, § 102(a)–(c), 110 Stat. 3009-554 (1996);

(2) Whether Plaintiffs are irreparably harmed by Defendants' current construction activity pursuant to the challenged waivers;

(3) Whether Plaintiffs will be irreparably harmed by Defendants' planned construction activity pursuant to the challenged waivers; and

(4) Whether Defendants and/or the public interest will be harmed if Defendants are preliminarily enjoined from undertaking construction pursuant to the challenged waivers.

**SO ORDERED**.

**SIGNED this 26th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE