**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH, *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>*Defendants*. | Civil Action No. 3:26-CV-01099-KC |

**JOINT NOTICE TO THE COURT REGARDING CONSOLIDATION**

Pursuant to the Court's August 31, 2026 Order, ECF No. 46, the parties hereby submit this joint notice regarding consolidation with *The People of La Junta for Preservation v. Dep't Homeland Sec.*, No. 5:26-cv-5245-OLG (W.D. Tex. July 14, 2026). Defendants believe that consolidation of the cases is appropriate, for the reasons set forth below. Plaintiffs take no position on consolidation. However, should this Court determine that some form of consolidation is appropriate, Plaintiffs respectfully request that this action remain before this Court and that the Court rule on Plaintiffs' pending Emergency Motion for a Temporary Restraining Order or Preliminary Injunction (ECF No. 34) ("PI Motion").

**DEFENDANTS' POSITION**

There are currently three cases pending in this District challenging border barrier construction in and around Big Bend National Park. In addition to this case, there are two pending actions in the San Antonio division. Judge Garcia is currently presiding over *People for the La Junta for Preservation v. DHS, et al.*, Case No. 5:26-cv-05245-OLG. On August 28, 2026, Judge Garcia held a one-day evidentiary hearing on plaintiffs' motion for a temporary restraining order.

Following that hearing, the government advised the Court and parties that United States Customs and Border Protection has paused all ground disturbing activity for the Big Bend 2 and Big Bend 4 border barrier construction projects until September 30 to allow for additional public engagement.

A third lawsuit was filed on August 28, 2026 in the San Antonio division, and that case is currently assigned to Judge Pulliam. *See Angell v. Mullin*, *et al.*, 5:26-cv-5580- JKP-RBF. Plaintiffs in *Angell* assert similar constitutional claims to the Plaintiffs in this case. A motion for temporary restraining order is currently pending in *Angell*.

Given the overlapping factual and legal issues in all three cases associated with the same border barrier construction projects, party and judicial economy would be best served by assigning the cases to the same judge for resolution, whether through formal consolidation or related case assignments pursuant to the Court's Standing Orders. *See* Order Relating to Assignment of Civil Cases (Sept. 29, 2003); Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions (May 28, 2003). Because Judge Garcia has already held an evidentiary hearing and is familiar with the factual and legal issues associated with the challenged barrier construction, Defendants recommend that this case be consolidated or transferred to his Court for decision.

Under Federal Rule of Civil Procedure 42(a), "[i]f actions involve common questions of law or fact, a court may consolidate the actions or conduct joint hearings or trials on any matters involved in those actions." *Silvia v. Allstate Texas Lloyd's*, 2017 WL 5186237 at *3 (W.D. Tex. Feb. 28, 2017). "In determining whether to consolidate actions, courts look to several factors, including: 1) whether the actions are pending before the same court; 2) whether there are common parties; 3) whether the actions involve common question questions of law or fact; 4) whether there is a risk of prejudice or confusion from consolidation versus the risk of inconsistent adjudications;

and 5) whether consolidation is in the interest of judicial economy and conserving resources." *Id.* (citing *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015)).

Here, the balance of factors favors consolidation. It is without dispute that all three cases are pending in the Western District of Texas. Moreover, the cases are predicated on the same Executive Branch actions: construction in the Big Bend Sector, and other questions of fact are common to each case, such as the location and type of construction in and around Big Bend National Park. The cases also seek nearly identical relief in the form of an injunction prohibiting the challenged construction. The legal issues presented in each case are different, but this is not a bar to consolidation, given the substantial overlap of facts. *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2384 (3d ed.) ("Consolidation is not barred simply because the plaintiffs may be relying on different legal theories . . . the critical consideration . . . is whether there is at least one common question of law or fact to justify bringing the actions together[.]"). As such, consolidating the cases with the Court more familiar with the facts is appropriate. As this Court recognized, the Court in *La Junta* has already held an evidentiary hearing on many of the issues presented in this case. Order, 1, ECF No. 46. Given the similarities, and the *La Junta* Court's familiarity with the facts, it would be inefficient for this Court to keep this case and re-adjudicate many of the same issues.

Under these circumstances, the potential for inconsistent results between different divisions of this Court counsels in favor of consolidation with a single judge. If the cases were permitted to proceed on separate tracks, the parties would litigate many of the same issues before multiple judges of this Court, and those judges might not resolve similar factual and legal issues the same way. Consolidation will also not prejudice Plaintiffs, who will have a fair opportunity to assert their claims before a court with familiarity of the facts at issue.

In the alternative, the same considerations favoring conservation of judicial resources and efficient resolution of these matters support reassignment of this case to Judge Garcia pursuant to the Court's Standing Orders governing related case assignments. *See* Order Relating to Assignment of Civil Cases (Sept. 29, 2003); Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions § VIII (May 28, 2003) (addressing "conditions under which civil cases are deemed related"). [1]

**PLAINTIFFS' POSITION**

Plaintiffs Friends of the Ruidosa Church, Danny William Miller Jr., and the Center for Biological Diversity ("Plaintiffs") take no position on whether consolidation is appropriate under Federal Rule of Civil Procedure 42. Should this Court determine that some form of consolidation is appropriate, Plaintiffs respectfully request that the Court first rule on Plaintiffs' pending PI Motion (ECF No. 34). Plaintiffs, however, oppose reassignment of this case to another court.

Contrary to Defendants' assertions, reassignment would not support conservation of judicial resources or the efficient resolution of Plaintiffs' claims. It would also unfairly prejudice Plaintiffs. Plaintiffs filed the present action on April 16, 2026. ECF No. 1. Since then, the parties have filed hundreds of pages of briefing and attachments, including the PI Motion (ECF No. 34) currently under consideration. Two cases have since been filed in the Western District of Texas with varying levels of overlap. *The People of La Junta for Preservation, et al. v. Department of Homeland Security, et al.* was filed on August 14, 2026, and is now before Judge Orlando L.

[1] In addition to the three cases discussed above, the border barrier construction projects are expected to generate eminent domain litigation primarily in the Alpine/Pecos and Del Rio divisions where the land at issue is located. As explained in an advisory the government filed in the *La Junta* case, venue in Alpine or Pecos would also promote judicial efficiency, given the numerous cases that will be brought in those divisions, and reduce the risk of inconsistent rulings by different judges as to similar or identical factual and legal issues. *See* ECF No. 8, Case No. 5:26-cv-5245-OLG.

Garcia. No. 5:26-cv-5245-OLG (W.D. Tex.). *Angell v. Mullin*, *et al.*, was filed on August 28, 2026, and is now before Judge Jason Pulliam. 5:26-cv-5580-JKP-RBF (W.D. Tex.). Neither subsequently filed case has developed a factual record before the court as robust as here.

Although this case and *La Junta* both arise from border barrier construction in the Big Bend region, the cases present materially different claims and seek different forms of relief. The *La Junta* plaintiffs only challenge border barrier construction activities in areas covered by the National Park Waiver; and they expressly disclaim any challenge to the Secretary's waiver determinations. Ex. 1, Pls.' Emergency Mot. for Temp. Restraining Order (ECF No. 2) at 2, 8–9, *People of La Junta et al. v. DHS*, 5:26-cv-05245-OLG ("Plaintiffs do **not** challenge that waiver determination.") (emphasis in original). Their claims instead arise principally under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1, and a law delegating authority over the administration of Big Bend National Park to the National Park Service, 16 U.S.C. § 158—neither of which were waived under the National Park Waiver.

By contrast, Plaintiffs here challenge the constitutionality of the Secretary's waiver authority and seek invalidation of the West Waiver, National Park Waiver, and Lower Canyons Waiver. *See* First Amended and Second Supp. Complaint for Declaratory and Injunctive Relief (ECF No. 26) at 47 (requesting this Court "[s]et aside and declare null and void the Big Bend Waivers"). Although the *La Junta* court has already held an evidentiary hearing on a motion for injunctive relief, Defendants overstate the efficiencies that would result from transferring or consolidating this case before Judge Garcia. Any court assigned this case would still need to become familiar with the factual record unique to this action, as well as the constitutional claims at issue. To the extent testimony presented in *La Junta* is relevant here, Plaintiffs are prepared to

submit transcripts to this Court in support of the PI Motion, allowing this Court to benefit from the limited relevant overlap without delaying resolution of the issues presently before it.[2]

The recently filed *Angell* case challenges the constitutionality of IIRIRA and the Lower Canyons Waiver. It raises substantially similar claims as Plaintiffs in the present case and seeks similar relief. However, in that case, the Court has found that Defendants' pause in ground disturbing activity in Big Bend 2 and 4 Projects, now claimed to extend to September 30, 2026, "obviates the Court's immediate need to dispose of Plaintiffs' pending Motion." Ex. 2, Order (ECF No. 7) at 1, *Angell v. Mullin, et al.*, 5:26-cv-5580.

Importantly, the current construction pause in Big Bend Ranch State and Big Bend National Parks (Big Bend Projects 2 and 4) is a temporary, voluntary pause initiated by the government and not court-ordered. As Defendants have shown, their ability to comply with such agreements is limited or otherwise de-prioritized below their desire to pursue expedient construction of border barrier. *See* Mot. to Expedite (ECF No. 21) 3–4 (describing Defendants' failure to comply with an agreement to provide Plaintiffs with 30-days' notice before commencing ground disturbing activities); Defs.' Opp'n to PI Motion (ECF No. 38) 19 (characterizing work as "pre-construction, design work"). In fact, as depicted in recently reported satellite imagery, while Defendants have maintained in this case that no border barrier-related construction has occurred in the National Park, they in fact have bulldozed *six miles* of new road for patrolling and vehicle barrier, in addition to a new bridge. Christoph Koettl, et al., *Satellite Images Contradict Border*

[2] While Plaintiffs take no position on consolidation, it could complicate the reviewability of interlocutory orders. Under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), "interlocutory or final judgment, decree, or order of the district court may be reviewed only upon petition for a writ of certiorari to the Supreme Court of the United States." 8 U.S.C. § 1103(c)(2)(C) note. Because *La Junta*'s claims do not challenge the DHS Secretary's waiver determinations under IIRIRA, interlocutory rulings in the two cases may be subject to different avenues of appellate review.

*Agency on Construction in Big Bend*, New York Times, Sept. 4, 2026, https://www.nytimes.com/video/us/100000011128810/big-bend-construction-border-wall.html?smid=nytcore-ios-share. Defendants' deception is an apparent attempt to evade judicial review and undermine Plaintiffs' ability to obtain meaningful relief and timely resolution of their claims.

Moreover, the scope of the government's current construction pause is confined to Big Bend Projects 2 and 4—whereas construction for border barrier infrastructure in the rest of the Big Bend region is slated to continue. As a result, the pause affords Plaintiffs only partial and temporary relief. Plaintiffs seek to enjoin border barrier construction throughout the challenged waiver areas pending resolution of this case on the merits.

Finally, reassignment would unduly prejudice Plaintiffs. Witnesses for Plaintiffs Friends of the Ruidosa Church and Center for Biological Diversity, as well as Plaintiff Miller, live substantially closer to El Paso than San Antonio. Reassigning this case to San Antonio would therefore make it more difficult for Plaintiff Miller and other witnesses to attend hearings, provide testimony, and otherwise participate in these proceedings. This would increase travel time and associated costs for Plaintiffs, creating additional burdens that could have been avoided had the case remained in its current forum.

Accordingly, Plaintiffs respectfully request that this Court resolve Plaintiffs' pending Emergency Motion for a Preliminary Injunction regardless of whether any consolidation ultimately occurs. Plaintiffs are preparing to submit supplemental evidence addressing the factual disputes raised in this Court's August 26 Order (ECF No. 41). That supplemental evidence will further develop the record on the discrete issues identified by the Court and help streamline any further

proceedings. If the Court determines that an evidentiary hearing is appropriate, Plaintiffs are prepared to proceed at the Court's earliest convenience.

Dated: September 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
(D.C. Bar No. 90028923)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*

*/s/* Emma Yip
Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

Zeynep J. Graves (CA Bar No. 298533)*
Shannon Eva Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Kate Gibson Kumar (TX Bar No. 2413588)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760
Tel: (512) 474-5073 ext. 225
kate@texascivilrightsproject.org
alana@texascivilrightsproject.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*