**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>*Defendants*. | Case No. 3:26-cv-01099-KC |

**PLAINTIFFS' OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

## STATEMENT OF ISSUES

1. Whether good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the Court's Scheduling Order, ECF No. 16, and lift the current stay on discovery.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and Center for Biological Diversity (the "Center") (collectively, "Plaintiffs") respectfully move to modify this Court's Scheduling Order, ECF No. 16, to lift the current stay on discovery and the Parties' obligations to meet and confer under Rule 26(f) and this Court's Standing Order on Pretrial Deadlines (Dec. 14, 2015). The Scheduling Order stayed discovery, except for limited agreed-upon discovery, and the Parties' obligations to meet and confer under Rule 26(f) based on the Parties' joint representation that this case was likely amenable to resolution through cross-motions for summary judgment. As detailed below, good cause now exists to modify that Order.

## STATEMENT OF FACTS

On June 23, 2026, this Court granted the Parties' Joint Motion for a Scheduling Order. ECF No. 16. In that motion, the Parties represented that this case was "likely amenable to resolution on cross-motions for summary judgment." ECF No. 15 at 3. The Parties further agreed that limited, expedited discovery by Plaintiffs would be appropriate before summary judgment briefing. *Id.* at 3–4. Upon consideration of those representations, the Court stayed discovery and the Parties' Rule 26(f) obligations, except for the limited discovery contemplated by the Parties' agreement, pending resolution of the anticipated cross-motions for summary judgment and further order of this Court. Order, ECF No. 16.

Consistent with the Parties' agreement, Plaintiff Center for Biological Diversity served interrogatories and requests for production on June 23, 2026. Decl. of Zeynep Graves ("Graves Decl.") ¶ 3. Those requests sought, among other things, information relating to the factual basis for Defendants' waiver determinations at the heart of this lawsuit. *Id.* ¶ 4. In response, Defendants

produced only a single partially redacted page, referred Plaintiff Center to nonresponsive or only partially responsive publicly available materials, and asserted numerous objections. *Id.* ¶¶ 5–6.

On August 7, 2026, Plaintiffs' counsel sent Defendants' counsel a letter identifying deficiencies in Defendants' discovery responses and offering to meet and confer. *Id.* ¶ 7 & Ex. 1. On August 17, 2026, Defendants responded that, because the Parties were actively litigating cross-motions for summary judgment, "any discussion regarding discovery should wait until after the Court ha[d] resolve[d] those motions." *Id.* ¶¶ 8–9 & Ex. 2 at 4–5. Plaintiffs thereafter agreed to postpone further discussions until after resolution of the summary judgment motions while reserving all rights concerning the identified deficiencies, including the right to move to compel. *Id.* ¶¶ 9–10 & Ex. 2 at 4.

On August 26, 2026, this Court determined that "there are relevant factual disputes" concerning Plaintiffs' motion for preliminary injunctive relief and set the matter for an evidentiary hearing. Order, ECF No. 41. Although the hearing was subsequently canceled, *see* ECF No. 46, the Court's determination that relevant factual disputes exist remains in place.

Following the Court's August 26, 2026, order, Plaintiffs sought to resume discussions regarding the outstanding discovery disputes identified in their August 7 letter and requested a meet-and-confer to determine whether those disputes could be resolved without Court intervention. Graves Decl. ¶¶ 9, 11 & Ex. 2 at 3–4. Plaintiffs also sought to coordinate the deposition of Paul Enriquez, whose declaration Defendants submitted in support of their opposition to Plaintiffs' motion for preliminary injunctive relief. *Id.* ¶¶ 9, 12 & Ex. 2 at 3; ECF No. 38-1 (Decl. of Paul Enriquez).

Defendants refused both requests. As to the outstanding discovery disputes, Defendants stated that they "maintain that resolution of any discovery disputes is improper at this time" and

further asserted that they "do not believe that the parties should take it upon themselves to resolve any disputes until the Court decides whether to consolidate cases or hold another evidentiary hearing." *Id.* ¶¶ 9, 13 & Ex. 2 at 2. Defendants also opposed Plaintiffs' request to depose Mr. Enriquez, stating that the deposition was "altogether inappropriate" and that "[a]ny factual disputes regarding that matter are inappropriate for the parties to discuss while the Court decides whether to hold an evidentiary hearing on those very issues." *Id*. On September 2, 2026, the Parties held a video conference during which they met and conferred on the above-referenced discovery issues among other things. *Id.* ¶ 14. On that call, Defendants' counsel maintained that his email dated September 2, 2026, was Defendants' final word on the matter. *Id.* ¶ 15. The Parties have therefore reached an impasse.

Additionally, on July 27, 2026, Defendants issued one of the challenged waiver determinations, the Lower Canyons Waiver, Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended, 91 Fed. Reg. 46939 (July 27, 2026). On August 7, Plaintiffs moved to supplement their First Amended Complaint to include the Lower Canyons Waiver. ECF No. 23. Because that waiver was issued after Plaintiffs filed their motion for summary judgment, Pls.' Mot. for Summ. J., ECF No. 19 (Jul. 17, 2026), it was not addressed in that briefing.

Defendants oppose this Motion. Graves Decl. ¶¶ 9, 16 & Ex. 2 at 1.

## ARGUMENT

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Mailing & Shipping Sys., Inc. v. Neopost USA, Inc*., 292 F.R.D. 369, 373 (W.D. Tex. 2013) ("a party seeking to modify any aspect of a scheduling order must show good cause."). Courts in the Fifth Circuit evaluate good cause under Rule 16(b)(4)

by considering "(1) the explanation for the need for the requested modification . . .; (2) the importance of obtaining the modification; (3) potential prejudice in allowing the modification; and (4) whether the court may cure such prejudice through an appropriate continuance." *Vanessa Zientek v. Fedex Ground Package System Inc,* Case No. 1:23-CV-00031-H-BU, 2024 WL 7122355, at *5 (N.D. Tex. Feb. 1, 2024) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)). The primary consideration is the movant's diligence. *See S&W Enters., L.L.C.,* 315 F.3d at 535.

Good cause exists here. Plaintiffs have acted diligently throughout this litigation, the factual and procedural circumstances underlying the discovery stay have materially changed since entry of the Scheduling Order, the requested modification is important to the orderly development of the factual record, and Defendants will suffer little, if any, prejudice from permitting discovery to proceed.

## I. Plaintiffs have acted diligently, and the circumstances underlying the discovery stay have materially changed.

The Court entered the current discovery stay on consideration of the Parties' joint representation that this case was likely amenable to resolution through cross-motions for summary judgment. *See* ECF Nos. 16, 15 at 3. Since entry of the Scheduling Order, however, both the factual and procedural circumstances underlying the stay have materially changed. Most significantly, this Court has determined that there are "relevant factual disputes" concerning Plaintiffs' request for preliminary injunctive relief, ECF No. 41. Although the evidentiary hearing on Plaintiffs' motion for preliminary injunctive relief was later canceled, there have been no modifications to the Court's determination that relevant factual disputes exist. The Court's order demonstrates that this case is no longer situated as the Parties anticipated when they jointly moved for entry of the Scheduling

Order, ECF No. 15. At minimum, the Court's order confirms that additional factual development may be necessary with respect to issues now known to be factually contested.

The procedural posture of the case has also changed. Although the Parties have substantially completed the agreed briefing schedule for cross-motions for summary judgment, subsequent developments have altered the posture of the ligation. In addition to the Court's finding that relevant factual disputes exist, Plaintiffs supplemented their complaint to challenge the Lower Canyons Waiver, which was issued after Plaintiffs filed their motion for summary judgment and therefore was not addressed in the Parties' summary judgment briefing. *See* Pls. Unopposed Mot. for Leave to File a Second Supplement to First Am. Compl., ECF No. 23 at 2. As a result, this case now includes a challenged waiver determination that was not part of the dispositive-motion proceedings contemplated when the stay was entered. Under these circumstances, continued adherence to the discovery stay is no longer warranted.

Plaintiffs have also acted diligently throughout this litigation. Consistent with the Parties' agreement and this Court's Scheduling Order, Plaintiff Center timely served the limited discovery authorized by the Court and promptly raised deficiencies in Defendants' responses. Graves Decl. ¶¶ 3–7.[1] Plaintiffs attempted to meet and confer regarding those deficiencies, sought to resume those discussions after the Court identified factual disputes, and sought to coordinate the deposition of a declarant whose testimony Defendants relied upon in opposing preliminary injunctive relief. *Id.* ¶¶ 7, 9, 11–12 & Ex. 2 at 1–3, 5; ECF No. 38-1 (Decl. of Paul Enriquez).

[1] Plaintiff Center for Biological Diversity has also attempted to obtain relevant information through Freedom of Information Act requests, which are at issue in a related case pending before this Court, Case No. 26-cv-00976-KC. Despite that lawsuit, defendant U.S. Customs and Border Protection's agreement to process 500 pages of records per month, and the passage of two production cycles, Plaintiffs have yet to receive a single record. Graves Decl. ¶¶ 18–19.

Defendants, however, maintain that Plaintiffs may not pursue further discovery at this time and have refused to engage on the outstanding discovery issues identified by Plaintiffs. Graves Decl. ¶¶ 9, 13–15 & Ex. 2 at 2–3. Accordingly, Plaintiffs have diligently pursued discovery within the confines of the Scheduling Order and sought modification promptly after the circumstances underlying the discovery stay materially changed. In addition to the relief requested herein, Plaintiffs anticipate seeking appropriate relief from the Court regarding Defendants' deficient discovery responses.

## II. The requested modification is important to the fair resolution of this litigation.

The requested modification is important because it will permit factual development concerning issues the Court has already identified as disputed and claims that were not addressed in the Parties' summary judgment briefing. In particular, modification of the Scheduling Order would permit appropriate discovery regarding factual issues identified by this Court. Plaintiffs seek, among other things, to depose Paul Enriquez, whose declaration was submitted in support of Defendants' opposition to Plaintiffs' motion for preliminary injunctive relief. *See* Graves Decl. ¶ 12. Mr. Enriquez offers factual assertions regarding border barrier construction plans, enforcement activities, and purported harms to the government if an injunction were to issue. ECF No. 38-1 (Decl. of Paul Enriquez). Given the Court's determination that factual disputes exist, Plaintiffs should be permitted to test those assertions through deposition testimony. Such discovery could narrow the issues requiring live testimony, clarify the scope of any future evidentiary hearing, and facilitate a more efficient presentation of evidence. Indeed, if the Court determines that an evidentiary hearing is appropriate, portions of Mr. Enriquez's testimony could be presented by designation rather than through live testimony, conserving both judicial and party resources.

Modification of the Scheduling Order is also important because one of the challenged waiver determinations was not part of the summary judgment briefing. *See* ECF No. 23 at 2. Defendants issued the Lower Canyons Waiver after Plaintiffs filed their motion for summary judgment, and it therefore was not addressed in that motion. *Id.* Consequently, even if the Court resolves some or all of the issues raised in the pending summary judgment motions, additional briefing will likely be necessary with respect to the Lower Canyons Waiver determination. Targeted discovery concerning the factual basis for that determination should therefore not be delayed while the Parties await resolution of motions that did not address it.

**III. Defendants will not be prejudiced by the requested modification.**

Defendants will suffer little, if any, prejudice from lifting the discovery stay. Plaintiffs are not seeking to obtain relief from a missed deadline or disrupt an existing trial schedule. The Court never established a discovery cutoff, and no trial date has been set. Plaintiffs seek only a fair opportunity to obtain discovery relevant to issues that the Court has already identified as factually disputed and to claims that were not included in the pending summary judgment briefing. Allowing discovery to proceed while Plaintiffs pursue resolution of their pending discovery disputes will promote development of a complete factual record with minimal burden to Defendants.

Any potential prejudice arising from the resumption of discovery can readily be addressed through ordinary case-management measures. Discovery has never progressed beyond the limited discovery contemplated by the Parties' agreement, and the Court retains ample flexibility to manage future proceedings. Accordingly, both the third and fourth *S&W* factors favor modification.

## CONCLUSION

Plaintiffs have demonstrated good cause under Rule 16(b)(4). Plaintiffs have acted diligently in pursuing the limited discovery authorized by the Scheduling Order and in seeking relief once the factual and procedural posture of the case materially changed. The requested modification is important because it will permit factual development concerning issues the Court has already identified as disputed and a challenged waiver determination that was not addressed in the Parties' summary judgment briefing. Defendants will suffer little, if any, prejudice from allowing discovery to proceed, and any potential prejudice can readily be addressed through ordinary case-management measures. Under these circumstances, good cause exists to modify the Scheduling Order and permit discovery to proceed.

Accordingly, Plaintiffs respectfully request that the Court modify the Scheduling Order, ECF No. 16, lift the stay on discovery and the Parties' obligations to meet and confer under Rule 26(f) and this Court's Standing Order on Pretrial Deadlines (Dec. 14, 2015), and grant such other and further relief as the Court deems just and proper.

DATED: September 9, 2026

Respectfully submitted,

*/s/ Zeynep J. Graves*

Zeynep J. Graves (CA Bar No. 298533)*
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org

Emma Yip (CA Bar No. 352446)
Shannon Eva Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375

Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Charlotte Weiss * (NY Attorney ID: 6313639)
Kate Gibson Kumar (TX Bar No. 24137588)
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 17757
Austin, Texas 78760
Tel: (512) 474-5073
cweiss@texascivilrightsproject.org
kate@texascivilrightsproject.org

** Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means.

DATED: September 9, 2026

Respectfully submitted,

*/s/* Zeynep J. Graves

Zeynep J. Graves (CA Bar No. 298533)*
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org

*Admitted Pro Hac Vice*