**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>*Defendants.* | Case No. 3:26-cv-01099-KC |

**DECLARATION OF ZEYNEP J. GRAVES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

I, Zeynep J. Graves, declare as follows:

1. I have personal knowledge of the facts contained in this Declaration and, if called upon to do so, could and would testify competently thereto under oath.

2. I am a member in good standing of the Bar of the State of California and am admitted pro hac vice in this matter. I am a senior attorney at the Center for Biological Diversity (the "Center"), and represent Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and the Center in this action. I submit this declaration in support of Plaintiffs' Motion to Modify Scheduling Order.

3. On June 23, 2026, consistent with the Parties' agreement regarding limited discovery and this Court's Scheduling Order, Plaintiff Center served its First Set of Interrogatories and First Requests for Production on Defendants.

4. The Center's June 23, 2026, Interrogatories and Requests for Production sought, among other things, information relating to the factual basis for Defendants' waiver determinations at issue in the above-captioned case.

5. Defendants served their responses and objections to Plaintiff Center's discovery requests on July 14, 2026, and, the following day, produced a single partially redacted page.

6. Defendants also referred Plaintiff Center to publicly available materials that were nonresponsive or only partially responsive to the requests and asserted numerous objections.

7. On August 7, 2026, Plaintiffs' counsel sent Defendants' counsel a letter identifying the deficiencies in Defendants' discovery responses and offering a meet-and-confer conference to discuss those issues and determine whether they could be resolved without Court intervention. Attached hereto as **Exhibit 1** is a true and correct copy of the August 7, 2026, letter, which Plaintiffs' counsel transmitted to Defendants' counsel via email.

8. On August 17, 2026, counsel for Defendants responded by email. In that correspondence, Defendants stated that, because the parties were actively litigating cross-motions for summary judgment, "any discussion regarding discovery should wait until after the Court has resolve (*sic*) those motions."

9. Attached hereto as **Exhibit 2** is a true and correct copy of email correspondence between counsel for Defendants and counsel for Plaintiffs between June 24, 2026 and September 3, 2026.

10. In light of Defendants' position and in an effort to conserve party and judicial resources, Plaintiffs agreed to postpone further discussions regarding the identified discovery deficiencies until after the Court resolved the summary judgment motions. In doing so, Plaintiffs expressly reserved all rights with respect to the deficiencies identified in their August 7, 2026,

letter, including the right to seek judicial intervention and to move to compel appropriate discovery responses.

11. Following the Court's August 26, 2026, Order, ECF No. 41, finding the existence of "relevant factual disputes," Plaintiffs sought to resume discussions regarding the discovery deficiencies identified in their August 7, 2026 letter. Specifically, on September 1, 2026, Plaintiffs requested that Defendants meet and confer regarding those deficiencies to determine whether the disputes could be resolved without court intervention.

12. Plaintiffs also sought to coordinate the deposition of Paul Enriquez, whose declaration Defendants submitted in support of their opposition to Plaintiffs' motion for preliminary injunctive relief.

13. By email dated September 2, 2026, Defendants declined to engage in discussions regarding the outstanding discovery disputes. Defendants also opposed Plaintiffs' request to depose Mr. Enriquez.

14. On September 2, 2026, counsel for the parties participated in a video conference regarding case management and discovery issues. During that conference, the parties discussed, among other things, Plaintiffs' request to address the outstanding discovery deficiencies and Plaintiffs' request to depose Mr. Enriquez.

15. During the conference, counsel for Defendants maintained that the position set forth in counsel's September 2, 2026 email was Defendants' final word on the discovery issues and indicated that Defendants would not agree to proceed with the requested discovery.

16. On September 3, 2026, Defendants represented that they would oppose any motion to modify the Scheduling Order.

17. On July 27, 2026, Defendants issued a new waiver determination known as the "Lower Canyons Waiver," published as *Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended*, 91 Fed. Reg. 46939 (July 27, 2026).

18. Plaintiff Center has sought relevant information through requests under the Freedom of Information Act that are at issue in a related action pending before this Court, *Center for Biological Diversity v. U.S. Customs and Border Protection*, Case No. 26-cv-00976-KC.

19. In that action, Defendant U.S. Customs and Border Protection agreed to process responsive records at a rate of 500 pages per month. Despite that agreement and the passage of two production cycles, Plaintiffs have not received any records from U.S. Customs and Border Protection responsive to those requests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 9, 2026.

Zeynep J. Graves

Zeynep J. Graves