**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH, *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>*Defendants*. | Civil Action No. 3:26-CV-01099-KC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

## STATEMENT OF ISSUES

1. Whether the Court should modify its scheduling order to allow Plaintiffs to take additional discovery.

Defendants hereby oppose Plaintiffs' motion to modify the Court's scheduling order. ("Mot.") ECF No. 16. There is no need for Plaintiffs to take additional discovery at this late hour, as both their motion for summary judgment and motion for a preliminary injunction are fully briefed. The most efficient way to resolve this case is for the Court to decide the parties' fully-briefed cross-motions for summary judgment. Those motions raise questions of law that can be decided without further briefing, argument, or fact development. A ruling on the motions would result in entry of final judgment and moot the need for the Court to resolve the motion for preliminary injunction and the instant motion to modify the scheduling order. As such, it is unclear how discovery would aid the Court's decision. In the event, however, that the Court determines resolution of the motion for preliminary injunction is necessary before considering the cross-motions for summary judgment, the appropriate step is for the Court to hold an evidentiary hearing on the current record, as it was prepared to do. ECF No. 41. Plaintiffs have not established good cause to complicate this straightforward case by seeking overbroad discovery that will likely enmesh the parties and the Court in protracted discovery disputes about matters that are irrelevant to the outcome of the legal issues presented here.

**BACKGROUND**

Plaintiffs filed this suit on April 16, 2026, challenging various waivers of laws issued by the Secretary of Homeland Security under the Illegal Immigration Reform and Immigrant Responsibility Act. ECF No. 1. Pursuant to the parties' motion, the Court set a briefing schedule for cross motions for summary judgment. ECF No. 16. That Order stayed discovery and the parties' obligations to meet and confer under Federal Rule of Civil Procedure 26(f) but acknowledged that the parties would take limited discovery prior to briefing the cross-motions for summary judgment. *Id*.

Plaintiffs sent Defendants discovery requests on June 23, 2026, and Defendants responded to those requests on July 14, 2026. Plaintiffs then filed their motion for summary judgment on July 17, 2026, ECF No. 19, and Defendants filed their motion for summary judgment on August 7, 2026, ECF No. 24. That same day, August 7, Plaintiffs sent Defendants a letter detailing alleged deficiencies in Defendants' discovery responses. ECF No. 51-2. Defendants responded to that letter on August 17, stating that, because the parties are "actively litigating motions for summary judgment . . . any discussion regarding discovery should wait until after the Court resolves those motions." ECF No. 51-3. Plaintiffs responded and agreed with that assessment on August 19. *Id*.

Subsequently, the Court denied Plaintiffs' motion to expedite a decision on their summary judgment motion, ECF No. 28, and Plaintiffs filed a motion for temporary restraining order or preliminary injunction on August 17, ECF No. 34. After the Parties completed briefing that motion, the Court entered an order scheduling an evidentiary hearing for September 3 because it found that "there are relevant factual disputes[.]" ECF No. 41. The Court canceled that hearing on August 31. ECF No. 46.

On September 1, Plaintiffs sent Defendants an email regarding discovery. Plaintiffs requested to meet and confer with Defendants to discuss the outstanding discovery issues detailed in their August 7 letter and taking additional discovery. ECF No. 51-3. Defendants' counsel responded to that email on September 2, detailing why discovery was inappropriate at that time. *Id*. Later that day, the parties met and conferred regarding case consolidation pursuant to the Court's order. ECF No. 46. During that meeting, Plaintiffs re-raised the discovery issue, and Defendants reiterated that discovery was inappropriate at this point.

Plaintiffs filed a motion to modify the scheduling order to lift the Court's stay on discovery on September 9. ECF No. 51. Plaintiffs' motion contemplates two forms of discovery. First,

Plaintiffs seek to resume discussions regarding their discovery deficiency letter. Mot. 5-6. Second, they seek to schedule a deposition of Paul Enriquez, the Infrastructure Portfolio Director at U.S. Customs and Border Protection. *Id* at 6.

**ARGUMENT**

Modifying the Court's schedule is inappropriate at this late hour. Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." In assessing good cause, the Fifth Circuit looks at four factors: "(1) the explanation for the failure to comply with the scheduling order, (2) the importance of the modification, (3) potential prejudice in allowing the modification, and (4) the availability of a continuance to cure such prejudice." *Loza v. Select Portfolio Servicing, Inc*. 820 Fed. Appx. 240, 242 (5th Cir. 2020) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Plaintiffs fail to show why good cause exists to modify the scheduling order.

First, Plaintiffs' request is procedurally improper at this stage of litigation. Plaintiffs' summary judgment motion has been fully briefed for almost a month, and their motion for preliminary injunction is similarly fully briefed. Discovery is a tool for parties to obtain facts, which will then inform their legal arguments. As Plaintiffs have essentially rested their case, they fail to show what purpose further discovery serves in this litigation. Taking discovery with no end goal in mind is wholly inappropriate.

Discovery is especially inappropriate if Plaintiffs intend it to be used for their motion for summary judgment. Plaintiffs received Defendants' discovery responses on July 14 and filed their motion for summary judgment three days later. Nearly a month later, after having ample time to review Defendants' discovery responses and send them a deficiency letter, Plaintiffs represented to the Court that "there are no genuine issues of material fact before this Court." Plaintiffs'

Response to Defendants' Proposed Undisputed Facts, ECF No. 31-1 at 3. A fully briefed motion with no factual issues does not warrant discovery. Accordingly, the Court should decide the pending cross-motions for summary judgment and enter final judgment, thereby mooting the need to decide both the discovery issues and whether a preliminary injunction should issue.

Even if there are factual disputes regarding Plaintiffs' motion for preliminary injunction, discovery is not the appropriate means to resolve those disputes. Once the Court determined there were factual disputes, it set an evidentiary hearing. ECF No. 41. The Court later cancelled the evidentiary hearing, but it indicated that it would either consolidate the case with another Court that had held an evidentiary hearing or would reset the hearing for a later date. ECF No. 46. Thus, the Court has demonstrated that an evidentiary hearing on the current record is the appropriate means to resolve this dispute. Plaintiffs request to conduct discovery is an attempt to circumvent the Court's chosen path. Plaintiffs should not be permitted take it upon themselves to conduct a backdoor evidentiary hearing through extra-record discovery after the close of briefing on the motions for preliminary injunction and for summary judgment.

Plaintiffs' request to depose Director Enriquez is equally inappropriate, for two reasons. First, deposing Director Enriquez and then presenting his testimony by designation, as Plaintiffs propose, Mot. 6, forces him to testify. But Defendants may rely on Director Enriquez's declaration and are by no means required to present him for live testimony at any evidentiary hearing to address a motion for preliminary injunction. *See, e.g.*, *Med-Cert Home Care, LLC v. Azar*, 365 F. Supp. 3d 742, 752 (N.D. Tex. 2019) ("The law is well-settled that because the procedures governing a preliminary injunction are generally less formal than those at trial, the court may rely upon otherwise inadmissible evidence when considering a preliminary injunction."). Second, Defendants only presented Director Enriquez's declaration in support of their opposition to

Plaintiffs' motion for preliminary injunction. Such a declaration does not open the declarant to a deposition as it would in the normal course of litigation. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," Fed. R. Civ. P. 26(d)(1), unless it has moved for expedited discovery, which Plaintiffs have not done here. *See Wyse v. Valdespino*, 2026 U.S. Dist. LEXIS 109856 at *12 (W.D. Tex. May 15, 2026).

Plaintiffs claim that the addition of a new waiver determination opens the case to discovery because the "procedural posture has changed." Mot. 5. As an initial matter, the Court's determination of a factual dispute was regarding the preliminary injunction motion, for which all three waivers are before the Court. In any case, the procedural posture for summary judgment purposes has not changed at all. Plaintiffs merely supplemented their complaint with a new factual allegation; they did not amend their complaint to add any new legal claims unique to that waiver. As such, the arguments in the parties' cross-motions for summary judgment motion would apply equally to this new waiver. Moreover, because Defendants do not dispute that such a waiver was issued, Plaintiff have not established good cause to pursue any discovery since, for the first two waivers, there were no issues of fact.[1]

Plaintiffs also argue that Defendants will not be prejudiced by a modified schedule. Not so. Plaintiffs want the Court to adjudicate a discovery dispute and depose a witness. Neither of these are trivial matters. To the contrary, if the Court allows discovery to proceed, it will likely result in additional contested briefing regarding the propriety of Plaintiffs' requests and potential

[1] The third waiver is nearly identical to the first two aside from a geographical change. *Compare* Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended, 91 Fed. Reg. 40550 (July 2, 2026); Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, As Amended, 91 Fed. Reg. 34831 (June 9, 2026), *with* Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, As Amended, 91 Fed. Reg. 46939 (July 27, 2026).

privilege assertions, all of which will consume party resources and require resolution by this Court, on top of the other pending motions. Further, deposing a witness requires substantial preparation and dedicated time during the deposition itself. Considering the already extensive briefing that this case has required, the Court should be reticent to authorize discovery that will further burden party and judicial resources without a corresponding benefit to the resolution of this case.

Finally, to the extent the Court continues to believe that there are factual disputes regarding Plaintiffs' motion for preliminary injunction, the Court may dispose of any such issues by ruling directly on the summary judgment motions. United States Customs and Border Protection has paused all ground disturbing activity for the Big Bend 2 and Big Bend 4 border barrier construction projects until September 30 to allow for additional public engagement. *See* ECF No. 49 at 2. With this additional time, the Court could decide the summary judgment motions, which would moot the preliminary injunction motion, any evidentiary hearing, and this discovery issue, conserving judicial and party resources.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to modify the court's scheduling order.

Dated: September 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
(D.C. Bar No. 90028923)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document and its attachments were filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 15, 2026

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
Counsel for Defendants