**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FRIENDS OF THE RUIDOSA CHURCH, et al.,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, et al.,

*Defendants*.

Case No. 3:26-cv-01099-KC

**PLAINTIFFS' REPLY IN SUPPORT OF OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

## STATEMENT OF ISSUES

1. Whether good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the Court's Scheduling Order, ECF No. 16, and lift the current stay on discovery.

On June 23, 2026, this Court issued a scheduling order, ECF No. 16, staying a majority of the parties' discovery and Rule 26(f) obligations. On September 9, 2026, Plaintiffs moved to modify the scheduling order, ECF No. 51 ("Motion"). On September 15, 2026, Defendants filed an opposition, ECF No. 53, which does not meaningfully address the developments that prompted Plaintiffs' Motion, including this Court's finding that relevant factual disputes exist and the issuance of the Lower Canyons Waiver, 91 Fed. Reg. 46939 (July 27, 2026), after summary judgment briefing commenced. Because Plaintiffs have shown good cause under Rule 16(b)(4), the Court should modify the Scheduling Order and permit discovery to proceed.

## I. Defendants cannot sidestep this Court's finding that relevant factual disputes exist.

Defendants argue that Plaintiffs represented there were "no genuine issues of material fact" and therefore cannot seek discovery. Defs.' Opp'n, ECF No. 53, at 3. That argument fails because it ignores both the context of Plaintiffs' statement and, more importantly, this Court's subsequent determination that relevant factual disputes exist.

Plaintiffs' statement, which was made in the context of summary judgment briefing, was not a concession that no factual disputes could exist during the pendency of this litigation. Nor could it have been; Defendants have disputed Plaintiffs' factual allegations and submitted evidence creating factual disputes. *See* Defs.' Response to Pls.' Proposed Undisputed Facts, ECF No. 24-2; Decl. of Paul Enriquez ("Enriquez Decl."), ECF No. 38-1. Indeed, Defendants submitted Director Enriquez's declaration to contest Plaintiffs' factual assertions regarding harms stemming from border barrier construction, rates of unlawful entry, and the consequences of injunctive relief. *See* Enriquez Decl., ECF No. 38-1, ¶¶ 32–42. Having introduced competing evidence on these issues, Defendants cannot plausibly maintain that no further factual development is warranted.

More importantly, however, Defendants' position cannot be reconciled with this Court's

August 26, 2026 Order. ECF No. 41. After reviewing the Parties' preliminary injunction briefing, the Court found that "there are relevant factual disputes" requiring an evidentiary hearing. *Id*. at 1. One of the disputed facts identified was "[w]hether the Big Bend Sector is an 'area of high illegal entry into the United States.'" *Id.* at 2. That issue goes directly to the factual predicates for the challenged waiver determinations and is therefore relevant not only to Plaintiffs' request for preliminary relief, but also to the merits of Plaintiffs' claims. *See* First Am. and Second Supplemented Compl., ECF No. 26, at 35–42. Defendants never explain how their assertion that no further factual development is necessary squares with this Court's contrary finding.

Instead, Defendants incorrectly characterize Plaintiffs' request as an attempt to conduct a "backdoor evidentiary hearing through extra-record discovery" and to "circumvent the Court's chosen path." Defs.' Opp'n, ECF No. 53, at 4. In so asserting, Defendants appear to be arguing that discovery is necessarily inappropriate because the Court previously scheduled, and subsequently canceled, an evidentiary hearing. *See id.* By that logic, discovery would never be appropriate before an evidentiary hearing. The law says otherwise.

Courts have "wide discretion" to control the scope, pace, and timing of discovery. *Miner, LTD. v. Anguiano*, No. EP-19-CV-00082-FM, 2019 WL 9633302, at *2 (W.D. Tex. Mar. 20, 2019) (quoting *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)). In exercising that discretion, courts permit targeted discovery prior to preliminary injunction proceedings so that factual disputes can be meaningfully addressed. *See, e.g., id.* (allowing expedited discovery ahead of preliminary injunction hearing for "evidence that may be presented"); *Pizza Hut LLC v. Pandya*, No. 4:19-CV-00726-RWS, 2019 WL 8331437, at *4 (E.D. Tex. Nov. 26, 2019) (granting expedited discovery for preliminary injunction hearing given competing declarations and factual disputes).

If this Court ultimately resets the evidentiary hearing, Plaintiffs should be afforded a fair

opportunity to gather additional evidence and test the evidence Defendants have already submitted concerning the factual disputes identified by this Court. However, the need for discovery does not disappear if the Court elects not to reset the evidentiary hearing. The factual disputes this Court identified are not confined to matters collateral to the merits. As noted above, whether the border patrol sector is an "area of high illegal entry" bears directly on the factual predicates for the challenged waiver determinations. Plaintiffs should therefore be allowed to obtain discovery concerning that issue, as well as Defendants' assertions regarding alleged harms to the government and the public interest if construction activities are enjoined.

## II. Director Enriquez's deposition causes no meaningful prejudice.

Contrary to Defendants' assertions, permitting Director Enriquez's deposition would not improperly "force[]" him to testify or otherwise prejudice Defendants. Defs.' Opp'n, ECF No. 53, at 4–6. Defendants placed Director Enriquez's factual assertions before the Court and seek to rely on those assertions to oppose preliminary injunctive relief. Having done so, they cannot reasonably object that Plaintiffs seek to examine the witness whose testimony they have offered. Defendants' concern that Plaintiffs may later present portions of Director Enriquez's testimony by designation does not change the analysis. Defendants seek to have the Court credit Director Enriquez's account of disputed facts. Plaintiffs should not be required to accept those assertions at face value.

Nor does the fact that Director Enriquez submitted a declaration in connection with preliminary injunction proceedings shield him from examination. Defendants cite no authority holding that a party may submit a declaration addressing disputed factual issues, rely on that declaration to oppose emergency relief, and then insulate the declarant from discovery. Plaintiffs seek modification of the Scheduling Order precisely so that they may conduct this needed discovery. Mot., ECF No. 51. Under these circumstances, Defendants' procedural objection

provides no basis to deny Plaintiffs the opportunity to test the factual assertions on which Defendants rely. *See* Defs.' Opp'n, ECF No. 53, at 5.

Defendants have also failed to identify any meaningful prejudice associated with Director Enriquez's deposition. Some inconvenience accompanies every deposition, but that ordinary burden does not constitute prejudice. Nor is there anything unusual about permitting examination of a declarant whose testimony has been offered to defeat emergency relief. Given that his declaration goes to the heart of disputed issues central to the preliminary injunction proceeding, his deposition is appropriate. *See, e.g.*, *United States v. Abbott*, No. 1:23-CV-853-DAE, 2023 WL 6532633, at *2–3 (W.D. Tex. Aug. 3, 2023) (authorizing expedited depositions of declarants whose testimony went to factual disputes central to pending preliminary injunction motion).

Ultimately, Defendants' position would allow them to submit Director Enriquez's declaration to create factual disputes, rely on those disputes to oppose preliminary relief, and then prevent Plaintiffs from examining the witness whose testimony created them. Defendants cite no authority requiring such a one-sided procedure. If Defendants wish to insulate Director Enriquez from a deposition, the solution is straightforward: they may withdraw his declaration or agree that it will not be considered. So long as Defendants continue to rely on the declaration, Plaintiffs should be permitted to test the assertions it contains.

## III. The Lower Canyons Waiver warrants additional discovery.

The Lower Canyons Waiver presents factual issues that were never before the Court when the parties jointly proposed the Scheduling Order or completed summary judgment briefing. Defendants do not dispute that the waiver was issued after Plaintiffs filed their motion for summary judgment. Nor do they dispute that it extends beyond the Big Bend Sector and into portions of the Del Rio Sector. Defs.'Opp'n, ECF No. 53, at 5 n.1. Yet Defendants offer no meaningful

explanation for opposing discovery on the factual basis for a waiver that did not exist when summary judgment briefing commenced and that reaches a sector not at issue in those proceedings.

At a minimum, Plaintiffs are entitled to discover the factual basis for the Secretary's determination as applied to those newly affected areas, including Defendants' assertions regarding rates of unlawful entry. Because the waiver was issued after Plaintiffs filed their summary judgment motion, those issues were not addressed in the briefing, and Plaintiffs have therefore requested that the Court treat the pending motion as one for partial summary judgment. *See* Pls.' Unopposed Mot. for Leave to File a Second Supplement to First Am. Compl., ECF No. 26, at 5. Plaintiffs should not be denied discovery concerning a newly challenged agency action that was not before the parties when the litigation schedule was established.

## IV. Defendants' claimed prejudice is speculative and does not outweigh the importance of the requested discovery.

Last, Defendants contend that permitting discovery may generate additional motion practice regarding discovery disputes or privilege assertions. Defs.' Opp'n, ECF No. 53, at 5–6. But that possibility exists in every case involving discovery and does not constitute meaningful prejudice. More importantly, Defendants fail to address the importance of the limited discovery Plaintiffs seek, which bears directly on the factual disputes this Court has already identified and on the Lower Canyons Waiver. Nor is Defendants' proposed alternative persuasive, *see id.* at 6, as it assumes the Court will resolve the case on summary judgment. If the Court denies the Parties' motions, the factual disputes identified by the Court will remain, and the requested discovery will be necessary to litigate them.

* * * *

For these reasons, this Court should grant Plaintiffs' Motion and allow discovery to proceed.

DATED: September 18, 2026

Respectfully submitted,

*/s/ Zeynep J. Graves*

Zeynep J. Graves (CA Bar No. 298533)*
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org

Emma Yip (CA Bar No. 352446)
Shannon Eva Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Charlotte Weiss * (NY Attorney ID: 6313639)
Kate Gibson Kumar (TX Bar No. 24137588)
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 17757
Austin, Texas 78760
Tel: (512) 474-5073
cweiss@texascivilrightsproject.org
kate@texascivilrightsproject.org

** Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means.

DATED: September 18, 2026

Respectfully submitted,

*/s/* Zeynep J. Graves

Zeynep J. Graves (CA Bar No. 298533)*
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org

*Admitted Pro Hac Vice*