**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH, *et al.*,<br>*Plaintiffs*,<br>*v.*<br>MARKWAYNE MULLIN, *et al.*,<br>*Defendants*. | Civil Action No. 3:26-CV-01099-KC |

**DEFENDANTS' NOTICE REGARDING END OF BIG BEND CONSTRUCTION PAUSE**

Defendants respectfully submit this notice to update the Court regarding U.S. Customs and Border Protection's ("CBP") planned activities in the Big Bend 2 and Big Bend 4 project areas following the expiration of its voluntary pause on ground-disturbing activities. In support of this notice, Defendants attach the Second Declaration of Paul Enriquez.

**I. Update Regarding the Big Bend 2 Project**

Beginning September 30, 2026, CBP will lift the pause on ground disturbing activities for the Big Bend 2 project. Second Enriquez Decl. ¶ 16. As described in Mr. Enriquez's first declaration (ECF No. 38-1), CBP plans to construct approximately 61 miles of barrier system in Presidio County within this Big Bend Sector. *Id.* ¶ 17. The system will include a 30-foot bollard style pedestrian barrier, a road, and, where appropriate for a particular area, cameras, lights, sensors, and other detection technology. *Id.*

Most land within the Big Bend 2 project alignment is privately owned. *Id.* ¶ 18. Before accessing private property for surveys or other pre-construction work, CBP obtains a right of access from the landowner. *Id.* Before constructing border infrastructure, CBP generally acquires

either a fee interest or an easement in the affected property. *Id.* As part of that process, CBP consults with affected landowners and provides them an opportunity to identify concerns. *Id.* ¶ 19. Depending on the property, those concerns may include the proposed alignment, continued access to the Rio Grande, existing irrigation lines, sensitive resources, and other activities conducted on the property. *Id.* CBP attempts to accommodate such concerns where possible, including through the incorporation of access gates into the barrier system. *Id.*

CBP prefers to acquire the necessary property interest voluntarily. *Id.* ¶ 20. When a landowner declines to engage with the government or the parties cannot reach an agreement, however, CBP may refer the matter to the Department of Justice for a potential condemnation action. *Id.* ¶¶ 20–21. Because a number of landowners in the Big Bend 2 project area have declined to engage with the government or provide voluntary rights of entry for serving work, CBP anticipates making a number of such referrals in the coming weeks. *Id.* ¶ 21.

## II. Update Regarding the Big Bend 4 Project

CBP is actively considering adjustments to the Big Bend 4 project that would reduce its scope and avoid or minimize potential impacts, based on input received from the National Park Service and other stakeholders. *Id.* ¶ 22.

As previously described, the original project contemplated approximately 17 miles of non-contiguous vehicle barrier system within and east of Big Bend National Park, construction of a new patrol road, improvements to existing roads, and the installation of technology within the National Park. *Id.* Although the Big Bend 4 project area also includes portions of Big Bend Ranch State Park, CBP does not plan to construct a barrier within the State Park. *Id.* CBP instead anticipates constructing a road and associated technology in portions of that area. *Id.*

CBP expects to make a final decision concerning the revised scope of the Big Bend 4

project during the first week of October. *Id*. Once the final decision has been made, the government will promptly update the court and the parties, and CBP will make a public announcement and share relevant project information through its website and local media outreach. *Id.*

Ground-disturbing activity in the Big Bend 4 project area will not begin immediately upon the expiration of the pause or the approval of a revised project scope. *Id.* ¶ 23. After a final decision is made, additional time—likely several weeks—will be required to complete any necessary contract administration actions, re-mobilize equipment and personnel, and undertake other planning activities. *Id.* Ground-disturbing work will begin only after those steps have been completed. *Id.*

Dated: September 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
(D.C. Bar No. 90028923)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, the foregoing pleading was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
Trial Attorney
United States Department of Justice