**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>*Defendants*. | Case No. 3:26-cv-01099-KC |

**PLAINTIFFS' NOTICE REGARDING SUPREME COURT STAY OF PRELIMINARY INJUNCTION AND PROPOSAL FOR FURTHER PROCEEDINGS**

On July 17, 2026, Plaintiffs filed their Motion for Summary Judgment, alleging that Defendants' issuance of the West Waiver and National Park Waiver were in violation of the major questions doctrine, or in the alternative, the nondelegation doctrine—in addition to violating the Take Care and the Presentment Clauses of the Constitution.[1] ECF No. 19. Subsequently, Plaintiffs filed an Emergency Motion for Preliminary Injunction, ECF No. 34, that this Court granted, ECF Nos. 66, 75. In enjoining Defendants from pursuing border barrier construction in the Big Bend Sector pursuant to the challenged Waivers, the Court found that it had jurisdiction to resolve Plaintiffs' major questions doctrine claim, and that Plaintiffs were likely to succeed on the merits of that claim. ECF No. 75 at 8, 11. The Court did "not consider [the] likelihood of success on the merits of Plaintiffs' remaining claims, because the [major questions doctrine] suffice[d] to demonstrate their entitlement to the injunctive relief sought." ECF No. 75 at 12 n.4.

[1] The challenged "Waivers" are 91 Fed. Reg. 7297 (Feb. 17, 2026), as amended by 91 Fed. Reg. 40550 (July 2, 2026) (the "West Waiver"); 91 Fed. Reg. 27969 (May 15, 2026), as amended by 91 Fed. Reg. 34831 (June 9, 2026) (the "National Park Waiver"); and 91 Fed. Reg. 46939 (July 27, 2026) (the "Lower Canyons Waiver").

After requesting and being denied a stay in this Court, ECF Nos. 74, 78, Defendants petitioned the Supreme Court for a stay of the preliminary injunction. Application for Stay, *Markwayne Mullin, Secretary of Homeland Security, et al., v. Friends of the Ruidosa Church, et al.*, Case No. 26A560. On November 9, 2026, the Supreme Court granted Defendants' application for a stay in a per curiam order, stating that "[t]he injunction entered by [this Court] is stayed pending the filing and disposition of the Government's petition for a writ of certiorari, if such writ is timely sought." 610 U. S. ____ (2026), Slip Op. (attached as Exhibit 1) at 4. Notably, the Supreme Court's decision on the merits was cabined to a finding that this Court likely does not have jurisdiction over the major questions doctrine claim. *See id.* at 3 (finding that "[t]here is no such thing as a 'constitutional' major-questions claim").

Despite the Supreme Court's finding of a likely jurisdictional bar to one of Plaintiffs' claims, the Supreme Court's order addressed only Plaintiffs' major questions doctrine theory. Plaintiffs' other claims, including the nondelegation, Take Care Clause, and Presentment Clause challenges, remain pending and were not addressed in the Supreme Court's stay of the preliminary injunction. Those claims have been briefed on summary judgment regarding the West Waiver and National Park Waiver, and minimal fact-finding and supplemental briefing remains to address the Lower Canyons Waiver.

To complete the factual record, little more is needed. This Court has already reviewed apprehension data for the Big Bend Sector and determined that it is "by far, the sector with the lowest rate of migrant apprehensions along the entire U.S.-Mexico border." ECF No. 75 at 11. Plaintiffs previously served discovery requests seeking information directly relevant to the area covered by the Lower Canyons Waiver and the government's asserted justification for that waiver. Although those requests were contemplated by this Court's Scheduling Order, ECF No. 16, Defendants have refused to provide adequate responses. Plaintiffs therefore intend to seek an order compelling discovery on two narrow issues.

First, Plaintiffs seek apprehension data for the segment of the Del Rio Sector implicated by the Lower Canyons Waiver. This information is relevant to Plaintiffs' Take Care Clause and nondelegation doctrine claims because it pertains to whether the Lower Canyons Waiver area is one of "high illegal entry." Plaintiff Center's First Set of Interrogatories, Interrogatory No. 1, served on Defendants on June 23, 2026, asked Defendants to "[i]dentify, by calendar year or fiscal year, the total number of apprehensions for each CBP station and substation along the U.S.-Mexico Border." *See* ECF No. 51-2 at 1. Defendants' response to this request provided only publicly available sector-wide apprehension data and otherwise cited unsupportable defenses and privileges. For the purposes of narrowing this request and expediting a final decision on the merits, Plaintiffs will seek a response that is limited to the Del Rio Sector.

Second, Plaintiffs seek construction contracts for the Big Bend border barrier projects, which have been repeatedly relied on by the government in this case,[2] but never produced.[3] Plaintiff Center's First Request for Production No. 2, served on Defendants on June 23, 2026, sought "[a]ll documents concerning construction plans for border barrier and related infrastructure in the Big Bend Sector." *See* ECF No. 51-2 at 7. Defendants produced no records in response to this request and instead raised numerous unsubstantiated defenses and privileges. In order to complete the factual record before this Court, Plaintiffs intend to seek an order compelling production of the construction contracts for all BBT projects implicated by the challenged Waivers.

---

2 *See* Decl. of Paul Enriquez, ECF No. 38-1 ¶¶ 8–25, 41; Second Decl. of Paul Enriquez, ECF No. 60-1 ¶ 23; Third Decl. of Paul Enriquez, ECF No. 74-1 ¶¶ 8, 10–12, 20–22.

3 Although approximately 525 pages of contract records have now been produced in a related Freedom of Information Act case currently before this Court, *Center for Biological Diversity v. U.S. CBP*, 3:26-cv-00976-KC (W.D. Tex. Apr. 7, 2026), those records were so heavily redacted that they are of limited utility. Regardless of whether those redactions were permissible under FOIA, Defendants cannot invoke FOIA exemptions to withhold responsive information subject to disclosure in this litigation.

These discovery requests were propounded on Defendants at the outset of this case, yet Defendants have repeatedly refused to provide adequate responses or produce responsive documents. *See* Decl. of Zeynep Graves in Supp. of Pls.' Mot. to Modify Scheduling Order, ECF No. 51-1; Decl. of Emma Yip in Opp. to Defs.' Mot. to Stay PI, ECF No. 77-1. Once the Court resolves these limited discovery disputes through Plaintiffs' forthcoming motion to compel, and once Defendants have complied with any resulting production obligations, Plaintiffs will be prepared to file supplemental summary judgment briefing to address the Lower Canyons Waiver alongside the West and National Park Waivers previously briefed on summary judgment, ECF No. 19.

To facilitate final resolution on the merits of Plaintiffs' claims, the parties will confer and propose a timeline for narrow supplemental briefing on the Lower Canyons Waiver, at which point the Court will be positioned to issue a final decision on the merits of Plaintiffs' challenges to the West Waiver, National Park Waiver, Lower Canyons Waiver, and Section 102(c) of the Illegal Immigration Reform and Immigrant Responsibility Act. Ultimately, Plaintiffs are committed to expeditiously litigating the disputes at issue through whatever vehicle and timeframe this Court deems appropriate.

DATED: November 10, 2026

Respectfully submitted,

*/s/ Emma Yip*

Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

Zeynep J. Graves (CA Bar No. 298533)*
Shannon Eva Labuschagne (CA Bar No. 365633)
Center for Biological Diversity

2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Charlotte Weiss (NY Attorney ID: 6313639)*
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760
Tel: (512) 474-5073 ext. 225
cweiss@texascivilrightsproject.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means.

DATED: November 10, 2026

Respectfully submitted,

*/s/ Emma Yip*

Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org