**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH, *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>*Defendants*. | Civil Action No. 3:26-CV-01099-KC |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE REGARDING SUPREME COURT STAY OF PRELIMINARY INJUNCTION AND PROPOSAL FOR FURTHER PROCEEDINGS**

Defendants hereby respond to Plaintiffs' Notice Regarding Supreme Court Stay of Preliminary Injunction and Proposal for Further Proceedings. The Supreme Court has emphatically stayed this Court's preliminary injunction, holding that Plaintiffs are not likely to succeed on the merits of their major-questions-doctrine claim and that the balance of the harms and equities strongly favor the government. As such, there is no reason to prolong this litigation. The Court should promptly decide the parties' outstanding summary judgment motions without further discovery and with only minimal additional briefing for the single, unaddressed waiver that is materially identical to the other waivers the parties have already extensively briefed.

On November 9, 2026, the Supreme Court stayed this Court's preliminary injunction prohibiting Defendants from "building border barrier or related infrastructure . . . in the Big Bend Sector until and unless Defendants comply with all applicable laws." ECF No. 66. In doing so, the Supreme Court found that Defendants were "exceedingly likely to prevail" on their argument that this Court lacks jurisdiction to hear Plaintiffs' major-questions-doctrine claim. *Markwayne Mullin,*

*et al. v. Friends of Ruidosa Church, et al.*, 610 U.S. _____, slip op. at 2 (2026). The Court also found that the government has a "'compelling interest' in border security and integrity," the loss of "nearly half a million dollars" per day constituted irreparable harm, and Congress expressed a preference for expeditious border construction over the recreational interests expressed by Plaintiffs. *Id*. at 3-4. Given this unequivocal repudiation of Plaintiffs' arguments, there is no need to prolong this litigation in the form of either additional discovery or extensive additional briefing.

As to discovery, Plaintiffs fail to articulate a need for additional fact finding. The only factual development Plaintiffs point to is a single, additional waiver determination by the Secretary of Homeland Security on July 27, 2026. Pls' Notice at 3, ECF No. 79. Yet they fail to explain how that Waiver is materially distinguishable from the other two waivers the parties have fully briefed in their pending cross motions for summary judgment. In fact, the July 27 Waiver is nearly identical to the other two challenged waivers apart from the geographical description of the covered project area. *Compare* Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended, 91 Fed. Reg. 40550 (July 2, 2026); Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, As Amended, 91 Fed. Reg. 34831 (June 9, 2026), *with* Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, As Amended, 91 Fed. Reg. 46939 (July 27, 2026). Given that Plaintiffs previously moved for summary judgment on the first two waivers without additional discovery, it defies logic that they now need more information to move for summary judgment on the third.

Plaintiffs also fail to demonstrate a need for additional fact finding on their purely constitutional claims. Plaintiffs claim they need discovery about whether the geographic area in the July 27 waiver is one of 'high illegal entry." ECF No. 79 at 2. But the basis for the Secretary's

finding that the "Big Bend and Del Rio Sectors are areas of high illegal entry" is set forth in the waiver itself. *See* 91 Fed. Reg. at 46940. Further, the granular facts supporting the Secretary's determination are completely irrelevant to Plaintiffs' constitutional claims. The Court lacks jurisdiction over Plaintiffs' major questions doctrine claim because "[t]here is no such thing as a 'constitutional' major-questions claim." *Friends of Ruidosa Church*, slip op. at 3. Whether Congress transgressed the boundaries of its Article I authority in violation of the nondelegation doctrine when it enacted IIRIRA § 102 does not turn on any factual determinations the Secretary subsequently made years later about which specific locations along the border are areas of high illegal entry. In the numerous cases rejecting nondelegation challenges to DHS's waiver authority, Plaintiffs cite no case where any court entertained such a claim or suggested discovery was needed to adjudicate it. As for the Take Care Clause claim, it is based entirely on an alleged *statutory* violation of IIRIRA that the Secretary incorrectly concluded that the Big Bend and Del Rio Sectors are areas of high illegal entry. The Supreme Court emphatically rejected Plaintiffs' attempt to manufacture jurisdiction by repackaging a pure statutory claim as a violation of the Constitution. *See Friends of Ruidosa Church*, slip op. at 3 (citing *Dalton v. Specter*, 511 U.S. 462, 473 (1994) (holding that "claims simply alleging that the President has exceeded his statutory authority are not 'constitutional' claims"). The Court should not entertain Plaintiffs' latest gambit to try the same meritless move again.

Similarly, Plaintiffs' request for "construction contracts" is irrelevant to the remaining constitutional claims. The technical instructions regarding how to construct the border wall and the government's payment obligations to contractors have no bearing on the major questions, nondelegation, and Take Care claims. The only reason Plaintiffs request discovery on these contracts is to engage a fishing expedition beyond what they have already received under the

Freedom of Information Act to "complete the factual record." Pls.' Notice at 3 & n.3. But this is hardly a reason to compel discovery, burden the parties and the Court with unnecessary litigation, and prolong this case. The issues to be decided at summary judgment here are purely constitutional and do not implicate the design or cost of the construction projects.[1]

The Court should bring this case to a final judgment promptly and efficiently. First, the Court should reject Plaintiffs' request to seek further discovery through a motion to compel. Second, the Court should establish a schedule for the parties to submit limited supplemental briefs about the June 27 Waiver, which was not addressed in the pending cross motions for summary judgments. Because the June 27 Waiver is materially identical to the others the parties have already briefed, Defendants believe that only minimal briefing is required. Defendants propose the following schedule:

- November 19, 2026: Plaintiffs file supplemental summary judgment briefing addressing the June 27 Waiver, not to exceed 10 pages in length.
- November 30, 2026: Defendants file a response to the supplemental summary judgment briefing addressing the June 27 Waiver, not to exceed 10 pages in length.
- December 4, 2026**:** Plaintiffs file a reply in support of the supplemental summary judgment briefing, not to exceed 5 pages in length.

After supplemental briefing is complete, the Could should promptly grant Defendants' motion for summary judgment on the basis of the written submissions and enter final judgment on all claims in favor of Defendants.

---

[1] To the extent Plaintiffs argue that that Defendants "relied on" the contracts, Pls. Mot. at 3, that reliance was only in furtherance of Defendants' opposition to Plaintiffs' motion for a preliminary injunction, particularly the harms and balance of the equities. Plaintiffs cannot cite to an already decided motion with additional factors as the basis for discovery on separate summary judgment motions.

Dated: November 13, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Alexander J. Yun*

ALEXANDER J. YUN
(D.C. Bar No. 90028923)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, the foregoing pleading was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
Trial Attorney
United States Department of Justice