**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>*Defendants*. | Case No. 3:26-cv-01099-KC |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCOVERY**

## STATEMENT OF ISSUES

1. Whether to grant Plaintiff Center for Biological Diversity's (the "Center") motion to compel Defendants to provide complete answers to a narrowed subset of its First Set of Interrogatories (Interrogatories Nos. 1–3, as they relate to the Del Rio Sector) and to produce all responsive, nonprivileged documents to a narrowed subset of the Center's First Set of Requests for Production of Documents (Requests for Production Nos. 1–2).

## INTRODUCTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Center for Biological Diversity (the "Center") respectfully moves for an order compelling Defendants Secretary Markwayne Mullin, U.S. Department of Homeland Security, and U.S. Customs and Border Protection (collectively, "Defendants") to provide complete answers to a specified subset of the Center's interrogatories and to produce all nonprivileged documents responsive to a subset of the Center's requests for production. Plaintiff has diligently sought discovery, while Defendants have refused to supplement their responses or meaningfully respond to identified deficiencies. The requested discovery is relevant to the Lower Canyons Waiver,[1] which extends into the Del Rio Sector and was not addressed in the parties' summary judgment briefing, and to the final disposition of appropriate remedies. Because only a portion of the Del Rio Sector is implicated by the Lower Canyons Waiver (as opposed to the vast majority of the Big Bend Sector covered by the Big Bend Waivers), discovery is necessary to determine the total apprehensions for this portion of the Del Rio Sector. Despite good faith attempts to resolve these issues, the parties have reached an impasse. Due to the imminent threat of irreparable harm to Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and the Center (collectively, "Plaintiffs"), *see* ECF No. 75 at 13, Plaintiff requests that this Motion be briefed on an expedited schedule, with Defendants' opposition due by November 20, 2026, and that the Court order Defendants to produce the requested discovery no later than November 30, 2026.

## FACTUAL BACKGROUND

On June 23, 2026, Plaintiff Center served its First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production of Documents ("Requests" or "RFPs"), which included

---

[1] 91 Fed. Reg. 46939 (July 27, 2026) ("Lower Canyons Waiver").

four interrogatories and three requests for production, respectively. Decl. of Shannon Labuschagne ("Labuschagne Decl.") ¶ 3 & Ex. 1. Those requests sought information concerning the factual bases for Defendants' determinations that the covered regions constitute areas of "high illegal entry," including station- and substation-level data and other information relevant to the Big Bend and Del Rio Sectors, as well as documents concerning planned border barrier construction. *See id.* Defendants served objections and responses on July 14, 2026. *Id.* ¶ 4 & Ex. 2. The following day, Defendants produced a single partially redacted page reflecting aggregate apprehension and narcotics seizure totals for the Big Bend Sector over a five-year period. *Id.* ¶ 5 & Ex. 3.

On July 27, 2026, after Plaintiffs had filed their motion for summary judgment, Defendants issued the Lower Canyons Waiver, which extends into the Del Rio Sector. On August 7, 2026, Plaintiffs moved to amend their complaint, requesting that the Court treat the pending summary judgment motions as partial motions. ECF No. 23 at 2. Plaintiffs anticipate filing supplemental briefing to address the Lower Canyons Waiver.

On August 7, 2026, Plaintiff Center sent Defendants a letter identifying deficiencies in Defendants' discovery responses, proposing measures to narrow the requests, and offering to meet and confer. Decl. of Zeynep Graves in Supp. of Mot. to Amend Scheduling Order ("Graves Decl."), ECF No. 51-1, ¶ 7 & Ex. 1. Defendants declined to supplement their responses and maintained that discovery should await resolution of the pending summary judgment motions. *Id.* ¶¶ 8–9 & Ex. 2 at 4–5. Plaintiffs initially agreed to postpone further discussions pending resolution of those motions while reserving the right to move to compel. *Id.* ¶¶ 9–10 & Ex. 2 at 4.

In response to new developments in the case, Plaintiff Center sought to resume discussions regarding the outstanding discovery disputes identified in the August 7, 2026 letter, as well as coordinate additional discovery. *Id.* ¶¶ 9, 11 & Ex. 2 at 3–4. In a September 2, 2026 email,

Defendants stated "that resolution of any discovery disputes is improper at this time." *Id.* ¶¶ 9, 13 & Ex. 2 at 2. On the same day, the Parties met and conferred by video conference on discovery issues among other matters. *Id.* ¶ 14. On that call, Defendants' counsel stated that their September 2, 2026 email reflected Defendants' final position on the discovery disputes. *Id.* ¶ 15. Accordingly, on September 9, 2026, Plaintiffs moved to modify the Scheduling Order and lift the stay on discovery. *See* ECF No. 51. On November 10, 2026, Defendants again reiterated that they "oppose[d] any additional discovery." Labuschagne Decl. ¶ 6 & Ex. 4.

Regardless of the Court's disposition of Plaintiffs' Motion to Modify the Scheduling Order,[2] the discovery requests at issue here were expressly contemplated under the Parties' agreement and the Court's Scheduling Order, ECF No. 16. Defendants therefore remain obligated to provide complete responses. Moreover, final resolution of Plaintiffs' claims requires, at minimum, supplemental summary judgment briefing on the Lower Canyons Waiver and the segment of the Del Rio Sector implicated by that Waiver. To gather evidence showing that this segment of the Del Rio Sector is not an area of high illegal entry, Plaintiffs have sought to re-open discovery (*see* ECF No. 51) and seek now to compel the limited responses and production of records relevant to this area in already-outstanding discovery requests. Should the Court reopen discovery and compel Defendants to comply with Plaintiff Center's requests as set forth below, Plaintiffs will be prepared to file supplemental briefing on the Lower Canyons Waiver.

## ARGUMENT

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

---

[2] Additional discovery remains highly relevant to the ongoing litigation and would allow Plaintiffs to inquire as to the number of people who are alleged to have crossed the border in the Big Bend and Del Rio Sectors (as compared to apprehension figures).

of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party resisting discovery bears the burden of showing specifically why each request for discovery is objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Boilerplate objections are insufficient. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018); *see McLeod*, 894 F.2d at 1485. Likewise, a party withholding information on the basis of privilege must expressly assert the privilege and describe the nature of the withheld information in a manner that permits assessment of the claim. Fed. R. Civ. P. 26(b)(5)(A).

A party may move to compel where an opposing party provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)–(4). If a motion to compel is granted, the Court must award reasonable expenses unless one of the Rule 37(a)(5) exceptions applies. Fed. R. Civ. P. 37(a)(5)(A); *see also* Fact Sheet for Civil and Criminal Cases Judge Kathleen Cardone at 7 (requiring full cooperation in discovery and warning that unreasonable resistance or delay may result in sanctions and costs).

## I. Plaintiff's Discovery Requests Are Relevant, Proportional, and Not Protected Under the Law Enforcement Privilege.

Plaintiff Center seeks to compel two categories of requested discovery: (1) materials underlying Defendants' determination that the Del Rio Sector and portion thereof located within the scope of the Lower Canyons Waiver constitutes areas of "high illegal entry" (Interrogatories Nos. 1–3; Request No. 1), and (2) construction contracts and plans for the proposed border barrier construction projects in the Big Bend Sector (Request No. 2).

Defendants' relevance and proportionality objections are meritless. The challenged Waivers state that approximately one-third of the entire southern border, including roughly 600 border miles in the Big Bend and Del Rio Sectors, constitute areas of "high illegal entry."

Apprehension, encounter, and "got away" data from stations and substations across the Del Rio Sector are directly relevant to determining what, if any, standards and factual predicates Defendants applied in the Lower Canyons Waiver determination. Indeed, Defendants' cross-examination of Plaintiffs' witnesses, as well as the Court's questioning during an evidentiary hearing, focused on issues raised in the requested discovery, including the significance of "got away" figures and station- and substation- level data.[3] Moreover, Defendants have repeatedly put the Big Bend construction contracts at issue but declined to make them available to Plaintiffs.[4] The discovery therefore remains highly relevant.

Defendants' law-enforcement privilege objections in response to Interrogatories 1–3 and Request 2 likewise fail. The Fifth Circuit recognizes a narrow and qualified law-enforcement privilege that protects certain sensitive information related to ongoing law-enforcement investigations. *United States v. Ocasio*, No. EP-11-CR-2728-KC, 2013 WL 12442496, at *2 (W.D. Tex. May 28, 2013). The requested information seeks aggregate historical statistics, not investigative files, confidential sources, or law-enforcement techniques. Defendants' boilerplate assertions that disclosure could reveal "potential weak points," without any evidentiary support, are insufficient objections.

## II. Defendants' Interrogatory Responses are Deficient.

### A. Interrogatory No. 1

Interrogatory No. 1 sought the total number of apprehensions, by year, for each CBP station

---

[3] Defendants questioned Plaintiffs' expert about whether apprehension statistics account for individuals who evade detection and apprehension ("got aways"). Hear'g Tr. 59:25–60:19. The Court also inquired into the availability of station- and substation-level data within the Big Bend Sector. *Id.* 65:2–66:3.

[4] *See, e.g.,* Decl. of Paul Enriquez, ECF No. 38-1 ¶¶ 8–31, 41, Ex. G; Third Decl. of Paul Enriquez, ECF No. 74-1 ¶¶ 8, 10–12, 20–22.

and substation along the U.S.-Mexico border. Defendants objected, alleging overbreadth, irrelevance, disproportionality, and the law enforcement privilege, and referred Plaintiff to public sources containing only Sector-level data.

Defendants' response is deficient. Rather than producing the station- and substation-level information requested, Defendants unilaterally narrowed their response to sector-level data. *See* Labuschagne Decl. ¶ 4 & Ex. 2. Moreover, the public sources on which Defendants rely do not contain the requested information. Neither CBP's "Nationwide Encounters" webpage nor DHS's Border Security Status Report provides station- or substation-level apprehension data. Defendants' relevance, proportionality, and law enforcement privilege objections fail for the reasons stated in Section I, *supra* at 4–5. Plaintiff also substantially narrowed Interrogatory No. 1 during the parties' meet-and-confer process, offering to accept station- and substation-level data only for the Big Bend and Del Rio Sectors and station-level data elsewhere along the southern border. Given the Court's recent findings on the Big Bend Sector, *see* ECF No. 75, Plaintiff is prepared to further narrow Interrogatory No. 1 to focus exclusively on the Del Rio Sector. The Court should therefore compel a complete response to Interrogatory No. 1, as narrowed by Plaintiff Center.

**B. Interrogatory No. 2**

Interrogatory No. 2 sought station and substation data of individuals who "self-surrendered to law enforcement" after crossing the border. Defendants objected that the interrogatory was overbroad, irrelevant, disproportionate to the needs of the case, and implicated the law-enforcement privilege. Defendants also stated they do not officially maintain "'self-surrender' numbers" and that "'self-surrender' is not an official processing disposition."

Defendants' response is deficient because it fails to answer the interrogatory. As explained in the Center's August 7, 2026 letter, the term "self-surrendered" refers to individuals who

voluntarily make themselves known to law enforcement, including for purposes of seeking asylum. ECF No. 51-2 at 4. Defendants do not state that they lack responsive information, and instead assert that "self-surrender" is not an official statistic or processing disposition. But a responding party may not avoid discovery by focusing on the label attached to information rather than the information itself. *See Westheimer Regency I, L.P. v. Great Lakes Reinsurance* (UK) SE, No. 5:18-CV-14-OLG, 2018 WL 7198643, at *2 (W.D. Tex. Aug. 20, 2018) ("discovery requests should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request") (cleaned up). Plaintiff further offered to work with Defendants on the appropriate terminology. If Defendants track voluntary presentations through different processing categories, encounter classifications, or other agency terminology, Rule 33 requires Defendants to identify those categories and provide responsive information. *See* Fed. R. Civ. P. 33(b)(3); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) ("Discovery by interrogatory requires candor in responding."). Likewise, for the reasons discussed, *supra* Section I at 4–5, Defendants' relevance, proportionality, and law-enforcement privilege objections lack merit.

Although Plaintiff substantially narrowed this request during the parties' meet-and-confer process, offering to accept station- and substation-level data only for the Big Bend and Del Rio Sectors and station-level data elsewhere along the southern border, Defendants neither identified any alternative categories capturing the requested information nor provided any responsive data. Plaintiff is again prepared to further narrow this interrogatory to focus exclusively on the Del Rio Sector. The Court should therefore order Defendants to identify the responsive encounter categories that capture voluntary presentation events and provide complete, verified responses to Interrogatory No. 2 as narrowed by Plaintiff Center.

### C. Interrogatory No. 3

Interrogatory No. 3 sought station- and substation-level data of the total annual number of individuals believed to have illegally crossed the U.S.-Mexico border and avoided apprehension. Defendants objected on overbreadth, relevance, disproportionality, and law enforcement privilege grounds.

Defendants' response is deficient because it does not answer the interrogatory. Despite confirming the existence of "got away" data, *see* Labuschagne Decl. ¶ 4 & Ex. 2 at 9, Defendants withheld the information and instead directed Plaintiff to CBP's online webpage which includes nationwide statistics and does not provide station- and substation-level data, *id.* For the reasons stated in Section I, *supra* at 4–5, Defendants' relevance, proportionality, and law-enforcement privilege objections lack merit. Plaintiff also substantially narrowed this request in its August 7, 2026 letter, offering to accept station- and substation-level data only for the Big Bend and Del Rio Sectors and station-level data elsewhere along the southern border. Plaintiff is prepared to further narrow this interrogatory to focus exclusively on the Del Rio Sector. The Court should therefore order Defendants to produce complete, verified responses to Interrogatory No. 3, as narrowed.

## III. Requests for Production

### A. RFP No. 1 (Documents Relied Upon for Interrogatory Responses)

RFP No. 1 sought all documents referred to or relied upon in formulating Defendants' interrogatory answers. Defendants objected on vagueness, overbreadth, relevance, proportionality and privilege grounds, and directed Plaintiff to the publicly available sources provided in response to Plaintiff's First Set of Interrogatories.

This is deficient because Defendants' interrogatory responses reference nonpublic data (e.g., "got away" figures) and asserts privileges, signaling reliance on materials beyond public web

pages. Yet they produced no responsive documents or privilege log. Request No. 1 plainly seeks a finite and easily identifiable set of records Defendants relied on in responding to Plaintiff's interrogatories. Plaintiff's August 7, 2026 letter offered to provide further clarification if needed. Defendants never sought further clarification. Additionally, for reasons set forth in Section I, *supra* at 4–5, Defendants' relevance and proportionality objections are meritless. The Court should therefore compel production of all nonprivileged documents relied upon in preparing Defendants' interrogatory responses and require a privilege log for withheld materials.

**B. RFP No. 2 (Construction Contracts and Plans in Big Bend Sector)**

RFP No. 2 sought documents concerning border barrier and related infrastructure construction plans in the Big Bend Sector. Defendants objected on overbreadth, burden, and privilege grounds. Defendants then directed Plaintiff to CBP's publicly available online "Smart Wall Map" and online environmental assessments.

Defendants' response is deficient because the public-facing materials they cite do not provide the project-specific timing, location, and design details sought by Request No. 2. Indeed, Defendants' own exhibits contradict the Smart Wall Map, exemplifying the Smart Wall Map's inconsistency with current project plans. *Compare* Decl. of Paul Enriquez, ECF No. 38-1, Ex. D (showing construction plans to build pedestrian barriers in the area east of Redford to the western border of Big Bend ranch State Park) *with* Labuschagne Decl. ¶ 7 & Ex. 5 (Smart Wall Map screenshot depicting construction plans that do not include a proposed pedestrian barrier in that same area). Further, the online environmental assessments necessarily rely on planning and design materials and therefore confirm responsive documents exist, notwithstanding Defendants' refusal to produce them. These materials remain relevant because they will inform final disposition of appropriate remedies and Defendants continue to rely on them in opposing the Court's findings

and conclusions. *See, e.g.,* Decl. of Paul Enriquez, ECF No. 38-1 ¶¶ 8–31, 41, Ex. G; Third Decl. of Paul Enriquez, ECF No. 74-1 ¶¶ 8, 10–12, 20–22.

This indicates the "Smart Wall Map" is inaccurate, other online sources are incomplete, the information sought is relevant, and Defendants possess but have not produced, responsive materials to Request No. 2. The Court should therefore order Defendants to produce all nonprivileged construction planning documents sufficient to show timing, locations, and design for the Big Bend 1–5 projects, along with a privilege log for any withheld materials. At minimum, this entails providing the BBT 1 through 5 construction contracts and the Indefinite Delivery, Indefinite Quantity (IDIQ) contracts associated with them.[5]

**CONCLUSION**

Plaintiff seeks discovery that is highly relevant to the factual basis underlying Defendants' issuance of the challenged Lower Canyon Waiver and will aid final disposition of appropriate remedies. Plaintiff requests that this motion be considered on an expedited schedule, so that Defendants' response in opposition is due no later than November 20, 2026, and Defendants are compelled to produce the sought discovery no later than November 30, 2026. Pursuant to Rule 37, Plaintiff further requests that this Court order Defendants to pay Plaintiff Center's reasonable expenses incurred in making this motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

[5] Additionally, the Federal Rules of Evidence further support complete release of the BBT construction contracts. Rule 106 states that where a party introduces "part of a statement, an adverse party may require the introduction, at that time, of any other part. . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Defendants have already introduced a portion of the BBT-4 contract into the record (Best Management Practices, ECF No. 38-1 at 27), and fairness indicates that the remainder of the contract should be produced. Rule 1002 further prohibits affidavits offered to prove the contents of a writing instead of the writing itself, and as discussed above, Defendants have repeatedly offered declarations and otherwise relied on the contracts while refusing to make them available. Fed. R. Evid. 1002.

DATED: 13 November 2026

Respectfully submitted,

*/s/ Shannon E. Labuschagne*

Shannon E. Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 493-2447
Fax: (520) 623-9797
slabuschagne@biologicaldiversity.org

Zeynep J. Graves (CA Bar No. 298533)*
Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org
eyip@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Charlotte Weiss (NY Attorney ID: 6313639)*
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760
Tel: (512) 474-5073 ext. 225
cweiss@texascivilrightsproject.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

Undersigned counsel for Plaintiff Center certifies that counsel for Plaintiff has conferred in good faith with counsel for Defendants to resolve these disputes without court action. The parties conferred by video conference on September 2, 2026. The parties further conferred by email on both September 2, and November 10, 2026. Notwithstanding these efforts, the parties reached an impasse on the issues presented.

DATED: 13 November 2026

Respectfully submitted,

*/s/ Shannon E. Labuschagne*

Shannon E. Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 493-2447
Fax: (520) 623-9797
slabuschagne@biologicaldiversity.org

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means.

DATED: 13 November 2026

Respectfully submitted,

*/s/ Shannon E. Labuschagne*

Shannon E. Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 493-2447
Fax: (520) 623-9797
slabuschagne@biologicaldiversity.org