# EXHIBIT 2

Labuschagne Declaration

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>*Defendants*. | Civil Action No. 3:26-CV-01099-KC |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Markwayne Mullin, Secretary of Homeland Security, in his official capacity, U.S. Department of Homeland Security (DHS), and U.S. Customs and Border Protection (CBP), by and through their undersigned counsel, hereby respond to Plaintiff's first set of interrogatories, served on June 24, 2026.

**General Objections and Responses to Definitions and Instructions**

The general objections set forth below apply to each and every discovery request discussed below. In asserting Defendants' objections to a specific discovery request, Defendants may assert an objection that is the same as or substantially similar to one or more of these objections. They may do so because the language of the discovery request itself may signal particular and specific concerns that the discovery request at issue may be objectionable based on the grounds stated. The fact that Defendants, in their objections to Plaintiff's individual requests, may specifically reference some of the objections described immediately below, but not others from the same list, does not indicate that they have waived any of these objections to any of Plaintiff's requests.

1. Defendants' response is provided in accordance with Federal Rule 26(b)(1), which permits the discovery of any information, not privileged, that is both (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. Defendants object to the interrogatories and accompanying instructions and definitions to the extent they impose obligations in excess of those imposed by the Federal Rules of Civil Procedure. Defendants will comply with the Federal Rules.

2. Defendants do not, by providing information herein, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or other appropriate grounds. The inadvertent production by Defendants of information or documents protected by any privilege or protection shall not constitute a waiver of the applicable privilege or protection as to any information or documents disclosed.

3. Defendants object to Plaintiff's requests to the extent they seek information protected by the attorney-client privilege, work-product doctrine, deliberative process privilege, law enforcement privilege, state secrets privilege, or any other applicable privilege, exemption, or immunity. Defendants do not waive, and hereby expressly reserve their rights to assert any and all objections to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

4. Defendants object to any request to the extent that they seek information protected against disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a and the privacy interests and expectations of persons not party to this litigation or might otherwise invade personal privacy. Defendants object to providing information that is otherwise publicly available, obtainable from another source that is more convenient, less burdensome, and/or less expensive, or has been previously made

available by Defendants to Plaintiffs, or by Plaintiffs to Defendants, on the grounds that such production would be unduly burdensome and unreasonably cumulative.

5. Defendants object to any request to the extent that it, whether standing alone or in conjunction with any other request, is vague, or would operate to annoy, embarrass, or unduly burden Defendants, on the ground that such a request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

6. Defendants object to any request to the extent it seeks information not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence on the ground that such a request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

7. Defendants object to the extent that the requests are overbroad and unduly burdensome, and that the relevance, if any, of the requested information is outweighed by the burden that compliance would place on Defendants. Defendants further object to any requests that are not proportional to the needs of the case. Defendants further object to any requests that are overbroad and unduly burdensome to the extent they seek "Any and all documents relating to" a subject matter with no meaningful limitations.

8. Defendants object to Definition #4 of "DESCRIBE" and "SPECIFY" to the extent it requires providing information which would be irrelevant and/or unduly burdensome to describe or specify. In light of these objections, Defendants will construe the words "describe" and "specify" in accordance with their plain and ordinary meaning in standard English for the purpose of these interrogatories.

9. Defendants object to Plaintiff's Definitions #2 and #5 for the terms "APPREHENSIONS" and "SELF-SURRENDERED." Defendants object to Plaintiff's definition as vague because it is

unclear how to distinguish whether someone "voluntarily presented himself or herself to law enforcement, or otherwise affirmatively made himself or herself known to law enforcement" as opposed to apprehension by law enforcement officers by other means within 24 hours of crossing the border, for the purpose or apparent purpose of seeking asylum in the U.S. Further, Defendants object to the extent Plaintiffs' definitions require providing information which would be irrelevant and/or unduly burdensome and object to any meaning or interpretation other than that evident from the plain and ordinary meaning of the words used therein. Defendants will read and respond to Plaintiff's interrogatories with the understanding that these terms have their plain and ordinary meaning in standard English usage.

10. Defendants object to Definition #6 of "YOU" and "YOUR," on the ground that it is overbroad and not proportional to the needs of the case because it includes, among other individuals, all of Defendants' thousands of current and former employees regardless of their position and regardless of their involvement in the events giving rise to the claims or defenses in this case. Defendants will construe Definition #6, and the requests generally, to be limited to persons who are reasonably likely to have information relevant to the claims or defenses in this case and responsive to Plaintiff's interrogatories.

11. Defendants object to Plaintiff's Instruction #2 because it purports to require answers based on an overbroad and expansive definition of documents and information in the possession, custody, or control of Defendants. DHS is an organization encompassing over 200,000 employees and Plaintiff's instruction would impose unreasonable search and production burdens, disproportionate to the needs of this case. Moreover, Plaintiff's inclusion of "attorneys" and "any other person acting on your behalf or on whose behalf you are acting" significantly expands the burden of this request and would include material protected by the attorney work product and

attorney-client privilege, including material from Department of Justice attorneys representing Defendants in this litigation. Such material is privileged and any such search would be unreasonable, overbroad, beyond the scope of the litigation, and unduly burdensome. To the extent that Defendants respond that they will search for and provide responsive information, Defendants will only search locations where it is reasonable and proportional to the needs of the case and not unduly burdensome, in accordance with the Federal Rules of Civil Procedure.

12. Each response contained herein is subject to the above objections, regardless of whether a specific objection is interposed in a specific response. The making of a specific objection in response to a particular request is not intended to constitute a waiver of any other objection not specifically referenced in the particular response.

13. These objections and responses are based upon information now known to Defendants and that Defendants believe to be pertinent in objecting and responding to the requests. In the future, Defendants may discover or acquire additional information bearing on the requests, and Defendants' objections and responses thereto. Without in any way obligating themselves to do so, Defendants reserve the right: (a) to make subsequent revisions or amendments to their objections or these responses based upon information, evidence, documents, facts, or other things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence, and information in any proceedings or at any trial held hereafter.

**Specific Objections and Responses to Interrogatories**

**Interrogatory No. 1:**

Identify, by calendar year or fiscal year, the total number of apprehensions for each CBP station and substation along the U.S.-Mexico Border. If total annual figures for a calendar or fiscal year have not yet been compiled, please provide those figures by month.

**Specific Objections to Interrogatory No. 1:**

Defendants object on the grounds that this request is overbroad, not relevant, and disproportionate to the needs of the case. Specifically, the request for figures from every station and substation along the U.S.-Mexico Border covers a geographical area far beyond the scope of this case. Plaintiff's claims arise only from issues taking place in the United States Border Patrol Big Bend Sector. Defendants therefore object that it is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the case to identify every apprehension along the entirety of the U.S.-Mexico Border.

Defendants further object to the extent this interrogatory implicates confidential information subject to law enforcement privilege or any other applicable privilege. Specifically, figures for each station and substation, as opposed to sector-wide figures, could be exploited by potential illegal entrants, such as revealing potential weak points.

Because of the undue burden, irrelevance, and law enforcement concerns, Defendants' response below only pertains to apprehension figures for the United States Border Patrol Big Bend Sector as a whole.

**Response to Interrogatory No. 1:**

Subject to and without waiving the foregoing objections, Defendants respond as follows: The information sought in this interrogatory is available in public documents. *See* Fed. R. Civ. P.

33(d). The information on apprehension numbers in the Big Bend Sector between fiscal year 2021 and fiscal year 2025 can be found in the following links:

(1) Nationwide Encounters | U.S. Customs and Border Protection

(2) Border Security Status Report

**Interrogatory No. 2**

Identify, by calendar year or fiscal year, the total number of individuals who self-surrendered to law enforcement for each CBP station and substation. If total annual figures for a calendar or fiscal year have not yet been compiled, please provide those figures by month.

**Specific Objections to Interrogatory No. 2:**

Defendants object on the grounds that this request is overbroad, not relevant, and disproportionate to the needs of the case. Specifically, the request for figures from every station and substation along the U.S.-Mexico Border covers a geographical area far beyond the scope of this case. Plaintiff's claims arise only from issues taking place in the United States Border Patrol Big Bend Sector. Defendants therefore object that it is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the case to identify every "self-surrender" along the entirety of the U.S.-Mexico Border.

Defendants further object to the extent this interrogatory implicates confidential information subject to law enforcement privilege or any other applicable privilege. Specifically, figures for each station and substation, as opposed to sector-wide figures, could be exploited by potential illegal entrants, such as revealing vulnerabilities that could be exploited by smuggling organizations and illegal aliens.

**Response to Interrogatory No. 2:**

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants do not keep or maintain "self-surrender" numbers as an official statistic, and "self-surrender" is not an official processing disposition for illegal aliens.

**Interrogatory No. 3**

Identify, by calendar year or fiscal year, the total number of individuals who are believed to have illegally crossed the U.S.-Mexico border and avoided apprehension for each CBP station and substation. If total annual figures for a calendar or fiscal year have not yet been compiled, please provide those figures by month.

**Specific Objections to Interrogatory No. 3:**

Defendants object on the grounds that this request is overbroad, not relevant, and disproportionate to the needs of the case. Specifically, the request for figures from every station and substation along the U.S.-Mexico Border covers a geographical area far beyond the scope of this case. Plaintiff's claims arise only from issues taking place in the United States Border Patrol Big Bend Sector. Defendants therefore object that it is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the case to identify every individual who has avoided apprehension along the entirety of the U.S.-Mexico Border.

Defendants further object to the extent this interrogatory implicates confidential information subject to law enforcement privilege or any other applicable privilege. Specifically, figures for each station and substation, as opposed to sector-wide figures, could be exploited by potential illegal entrants, such as revealing potential weak points.

**Response to Interrogatory No. 3:**

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants track "got away" figures, but do not release "got away" figures for individual United States Border Patrol Sectors, including the United States Border Patrol Big Bend Sector. Sector-level "got away" figures are confidential and subject to the law enforcement privilege because they could be exploited by illegal entrants, and reveal vulnerabilities that could be exploited by smuggling organizations and illegal aliens. Information regarding nationwide "got aways" may be found on the U.S. Customs and Border Protection website: usbp_gotaways_and_turnbacks_fy19_through_05.20.2026.xlsx

**Interrogatory No. 4**

Describe the metrics used by Defendants to define whether an area is one of "high illegal entry" as that phrase is used in 8 U.S.C. § 1103 note, 91 Fed. Reg. 7297 (Feb. 17, 2026), 91 Fed. Reg. 27969 (May 15, 2026), and 91 Fed. Reg. 34831 (June 9, 2026).

**Specific Objections to Interrogatory No. 4:**

Defendants object to this interrogatory on the ground that the term "metrics" is vague and ambiguous. Defendants further object to this interrogatory as calling for Defendants to set forth a legal conclusion and/or legal analysis as to the definition of "high illegal entry" as used in 8 U.S.C. § 1103 note, 91 Fed. Reg. 7297 (Feb. 17, 2026), 91 Fed. Reg. 27969 (May 15, 2026), and 91 Fed. Reg. 34831 (June 9, 2026).

**Response to Interrogatory No. 4:**

Subject to and not without waiving the foregoing objections, Defendants respond as follows: The metrics utilized to assess an area of "high illegal entry" are set forth in the applicable waivers issued under Section 102 of IIRIRA. As set forth in the waivers cited in Interrogatory #4:

**Supplementary Information:**

Important mission requirements of the Department of Homeland Security (''DHS'') include border security and the detection and prevention of illegal entry into the United States. Border security is critical to the nation's national security. Recognizing the critical importance of border security, Congress has mandated DHS to achieve and maintain operational control of the international land border. Secure Fence Act of 2006, Public Law 109–367, section 2, 120 Stat. 2638 (Oct. 26, 2006) (8 U.S.C. 1701 note). Congress defined ''operational control'' as the prevention of all unlawful entries into the United States, including entries by terrorists, other unlawful aliens, instruments of terrorism, narcotics, and other contraband. *Id*. Consistent with that mandate, the President's Executive Order on Securing Our Borders directs that I take all appropriate action to deploy and construct physical barriers to ensure complete operational control of the southern border of the United States. Executive Order 14165, section 3 (Jan. 20, 2025).

Congress has provided to the Secretary of Homeland Security a number of authorities necessary to carry out DHS's border security mission. One of those authorities is found at section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as amended (''IIRIRA''). Public Law 104–208, Div. C, Tit. I, section 102, 110 Stat. 3009–546, 3009–554 (8 U.S.C 1103 note), as amended by the REAL ID Act of 2005, Public Law 109–13, Div. B, Tit. I, section 102, 119 Stat. 302, 306 (8 U.S.C. 1103 note), as amended by the Secure Fence Act of 2006, Public Law 109–367, section 3, 120 Stat. 2638 (8 U.S.C. 1103 note), as amended by the Department of Homeland Security Appropriations Act, 2008, Public Law 110–161, Div. E, Tit. V, section 564, 121 Stat. 2042, 2090. In section 102(a) of IIRIRA, Congress provided that the Secretary of Homeland Security shall take such actions as may be necessary to install additional physical barriers and roads (including the removal of obstacles to detection of illegal entrants) in the vicinity of the United States border to deter illegal crossings in areas of high illegal entry into the United States. In section 102(b) of IIRIRA, Congress mandated that in carrying out the authority of section 102(a), I provide for the installation of additional fencing, barriers, roads, lighting, cameras, and sensors to achieve and maintain operational control of the border. Finally, in section 102(c) of IIRIRA, Congress granted to the Secretary of Homeland Security the authority to waive all legal requirements that I, in my sole discretion, determine necessary to ensure the expeditious construction of barriers and roads authorized by section 102 of IIRIRA.

**Determination and Waiver Section**

*Section 1*

The United States Border Patrol Big Bend Sector is an area of high illegal entry. Between fiscal year 2021 and fiscal year 2025, Border Patrol apprehended

over 89,000 illegal aliens attempting to enter the United States between border crossings in the Big Bend Sector. In that same time period Border Patrol seized over 87,574 pounds of marijuana, over 867 pounds of cocaine, over 1,156 pounds of methamphetamine, over 12 pounds of heroin, and over 94 pounds of fentanyl. Since the President took office, DHS has delivered the most secure border in history. More can and must be done, however. As the statistics cited above demonstrate, the Big Bend Sector is an area of high illegal entry where illegal aliens regularly attempt to enter the United States and smuggle illicit drugs, and given my mandate to achieve and maintain operational control of the border, I must use my authority under section 102 of IIRIRA to install additional barriers and roads in the Big Bend Sector. Therefore, DHS will take immediate action to construct additional barriers and roads in a segment of the border in the Big Bend Sector.

As to the responses: See attached verifications.

As to the objections:

Dated: July 14, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Alexander J. Yun*
ALEXANDER J. YUN (D.C. Bar No. 90028923)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*

VERIFICATION

I, Stephanie Anaya, verify on behalf of CBP under penalty of perjury that the substance of the foregoing responses Interrogatory Nos. 1, 2, and 3 are true and correct to the best of my knowledge, information, and belief.

Dated:

STEPHANIE M ANAYA

Digitally signed by STEPHANIE M ANAYA
Date: 2026.07.14 14:29:06 -04'00'

VERIFICATION

I, Paul Enriquez, verify on behalf of CBP under penalty of perjury that the substance of the foregoing responses Interrogatory No. 4 is true and correct to the best of my knowledge, information, and belief.

Dated:

PAUL R ENRIQUEZ

Digitally signed by PAUL R ENRIQUEZ
Date: 2026.07.14 15:24:26 -04'00'

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 14, 2026, I caused a copy of the foregoing to be served via email on counsel of record for Plaintiffs.

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FRIENDS OF THE RUIDOSA CHURCH, *et al.*,<br>*Plaintiffs*,<br><br>*v.*<br><br>MARKWAYNE MULLIN, *et al.*,<br>*Defendants*. | Civil Action No. 3:26-CV-01099-KC |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Markwayne Mullin, Secretary of Homeland Security, in his official capacity, U.S. Department of Homeland Security (DHS), and U.S. Customs and Border Protection (CBP), by and through their undersigned counsel, hereby respond to Plaintiff's first set of requests for production, served on June 24, 2026.

**General Objections and Responses to Definitions and Instructions**

The general objections set forth below apply to each discovery request discussed below. In asserting Defendants' objections to a specific discovery request, Defendants may assert an objection that is the same as or substantially similar to one or more of these objections. They may do so because the language of the discovery request itself may signal particular and specific concerns that the discovery request at issue may be objectionable based on the grounds stated. The fact that Defendants, in their objections to Plaintiff's individual requests, may specifically reference some of the objections described immediately below, but not others from the same list, does not indicate that they have waived any of these objections to any of Plaintiff's requests.

1. Defendants' response is provided in accordance with Federal Rule 26(b)(1), which permits the discovery of any information, not privileged, that is both (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. Defendants object to the requests for production and accompanying instructions and definitions to the extent they impose obligations in excess of those imposed by the Federal Rules of Civil Procedure. Defendants will comply with the Federal Rules.

2. Defendants do not, by providing information herein, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or other appropriate grounds. The inadvertent production by Defendants of information or documents protected by any privilege or protection shall not constitute a waiver of the applicable privilege or protection as to any information or documents disclosed.

3. Defendants object to Plaintiff's requests to the extent they seek information protected by the attorney-client privilege, work-product doctrine, deliberative process privilege, law enforcement privilege, state secrets privilege, or any other applicable privilege, exemption, or immunity. Defendants do not waive, and hereby expressly reserve their rights to assert any and all objections to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

4. Defendants object to any request to the extent that they seek information protected against disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a and the privacy interests and expectations of persons not party to this litigation or might otherwise invade personal privacy. Defendants object to providing information that is otherwise publicly available, obtainable from another source that is more convenient, less burdensome, and/or less expensive, or has been

previously made available by Defendants to Plaintiffs, or by Plaintiffs to Defendants, on the grounds that such production would be unduly burdensome and unreasonably cumulative.

5. Defendants object to any request to the extent that it, whether standing alone or in conjunction with any other request, is vague, or would operate to annoy, embarrass, or unduly burden Defendants, on the ground that such a request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

6. Defendants object to any request to the extent it seeks information not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence on the ground that such a request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

7. Defendants object to the extent that the requests are overbroad and unduly burdensome, and that the relevance, if any, of the requested information is outweighed by the burden that compliance would place on Defendants. Defendants further object to any requests that are not proportional to the needs of the case. Defendants further object to any requests that are overbroad and unduly burdensome to the extent they seek “Any and all documents relating to” a subject matter with no meaningful limitations.

8. Defendants object to Plaintiff’s Definition #3 for the term “BORDER BARRIER AND RELATED INFRASTRUCTURE” to the extent it requires providing information which would be irrelevant and/or unduly burdensome or to the extent it exceeds the ordinary and plain meaning of the words. Defendants will read and respond to Plaintiff’s interrogatories with the understanding that these terms have their plain and ordinary meaning in standard English usage.

9. Defendants object to Definition 4 of "CONCERNING" as overbroad, unduly burdensome, vague, and ambiguous, and will construe it in accordance with its ordinary meaning for the purpose of these requests.

10. Defendants object to Definition #5 of "YOU" and "YOUR," on the ground that it is overbroad and not proportional to the needs of the case because it includes, among other individuals, all of Defendants' thousands of current and former employees regardless of their position and regardless of their involvement in the events giving rise to the claims or defenses in this case. Defendants will construe Definition #5, and the requests generally, to be limited to seek documents from persons who are reasonably likely to have information relevant to the claims or defenses in this case and responsive to Plaintiff's interrogatories.

11. Defendants object to Plaintiff's Instruction #1 and #6 because they purport to require answers based on an overbroad and expansive definition of documents and information in the possession, custody, or control of Defendants. DHS is an organization encompassing over 200,000 employees and Plaintiff's instruction would impose unreasonable search and production burdens, disproportionate to the needs of this case. To the extent that Defendants respond that they will search for and produce responsive documents, Defendants will only search locations where it is reasonable and proportional to the needs of the case and not unduly burdensome, in accordance with the Federal Rules of Civil Procedure.

12. Defendants further object to Plaintiff's Instruction #1 because it exceeds Defendants' obligations under the Federal Rules of Civil Procedure, which do not require Defendants to identify documents that are not in Defendants' possession, custody, or control. The Rules also do not mandate that Defendants provide information about the inquiries made about such documents or a narrative response concerning documents no longer within Defendants'

possession, custody, or control. Such an exercise is likely impossible, but in any event unduly burdensome, disproportionate, and not required by the Federal Rules.

13. Defendants object to Instruction #4 & 5 to the extent they impose obligations to provide documents or information withheld based on privilege in excess of those imposed by the Federal Rules of Civil Procedure. Defendants will comply with the Federal Rules. *See* Fed. R. Civ. P. 26(b)(5).

14. Defendants object to Instruction #6 # 7 as unduly burdensome and in excess of Defendant's obligations under the Federal Rules of Civil Procedure. Defendant will conduct a reasonable search for responsive, non-privileged documents as they are kept and stored in the ordinary course of business. Defendants object to the requirement to produced documents Defendants' "have the ability to obtain" as beyond the Federal Rules. Any production will be limited to documents in Defendants' possession, custody, or control. Further, Defendants objection to the request for "all . . . electronically stored information" insofar as data collection and translation are appropriate only to the extent reasonable and proportional to the needs of the case, considering any technical limitations and costs associated with such efforts.

15. Each response contained herein is subject to the above objections, regardless of whether a specific objection is interposed in a specific response. The making of a specific objection in response to a particular request is not intended to constitute a waiver of any other objection not specifically referenced in the particular response.

16. These objections and responses are based upon information now known to Defendants and that Defendants believe to be pertinent in objecting and responding to the requests. In the future, Defendants may discover or acquire additional information bearing on the requests, and Defendants' objections and responses thereto. Without in any way obligating themselves to

do so, Defendants reserve the right: (a) to make subsequent revisions or amendments to their objections or these responses based upon information, evidence, documents, facts, or other things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence, and information in any proceedings or at any trial held hereafter.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No 1:**

All documents referred to or otherwise relied upon in formulating your Answers to Plaintiff Center for Biological Diversity's First Set of Interrogatories to Defendants U.S. Department of Homeland Security, U.S. Customs and Border Protection, and Secretary of Homeland Security Markwayne Mullin.

**Specific Objections to Request for Production No. 1:**

Defendants object to this request on the ground that the terms "relied upon" and "in formulating" are vague and ambiguous. Defendants also object that "all documents" is overbroad, not relevant, and not proportional to the needs of the case. Defendants object to this request to the extent it seeks attorney work product, communications protected by the attorney-client privilege, or any documents and ESI protected by any other applicable privilege.

**Response**:

Subject to and without waiving any objections, Defendants state that the information requested in this request is publicly available in the sources cited in Defendants' response to Plaintiffs' First Set of Interrogatories.

**Request No. 2:**

All documents concerning construction plans for border barrier and related infrastructure in the Big Bend Sector.

**Specific Objections to Request for Production No. 2:**

Defendants object on the grounds that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case. As written, this request purports to require Defendants to search for and produce all documents that in any way relate to or show "construction plans" for border construction in the U.S. Border Patrol Big Bend Sector. Such an exercise would be unduly burdensome (if not impossible), disproportionate to the needs of this case, and unlikely to result in relevant evidence.

Defendants further object to the extent this request for production implicates confidential information subject to law enforcement privilege, deliberative process privilege, or any other applicable privilege. Specifically, providing plans or schematics for the border barriers along the U.S.-Mexico border would allow potential illegal entrants to exploit potential weak points or vulnerabilities. Further, construction plans and contracting documents frequently contain propriety financial, trade secret, and commercial information that is irrelevant to this case, protected from disclosure by privilege, and unduly burdensome to produce.

**Response to Request No. 2:**

Subject to and without waiving any objections, Defendants state that there are currently five border barrier projects planned for the Big Bend Sector, which are known as Big Bend 1, Big Bend 2, Big Bend 3, Big Bend 4, and Big Bend 5. Information regarding the project areas for each of Defendants' border barrier construction projects may be found at the following website: https://www.cbp.gov/border-security/along-us-borders/smart-wall-map.

Additional information regarding Big Bend 1-3, can be found at: https://www.cbp.gov/document/environmental-assessments/border-barrier-system-hudspeth-jeff-davis-and-presidio-counties.

Additional information about Big Bend 4 can be found at: https://www.cbp.gov/document/environmental-assessments/vehicle-barrier-system-and-road-construction-brewster-county.

Defendants expect there will be similar information posted on CBP's website concerning Big Bend 5.

**Request No. 3:**

All documents concerning whether the Big Bend Sector, or any subpart of that sector, is an area of "high illegal entry" as that phrase is used in 8 U.S.C. § 1103 note, 91 Fed. Reg. 7297 (Feb. 17, 2026), 91 Fed. Reg. 27969 (May 15, 2026), and 91 Fed. Reg. 34831 (June 9, 2026).

**Specific Objections to Request for Production No. 3:**

Defendants object on the grounds that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case. As written, this request purports to require Defendants to search for and produce all documents that in any way relate to or define the term "high illegal entry." Such an exercise would be unduly burdensome (if not impossible), disproportionate to the needs of this case, and unlikely to result in relevant evidence.

**Response to Request No. 3:**

Subject to and without waiving any objections, Defendants state that publicly available information referenced in response to Interrogatory No. 1 is responsive to this request. Defendants will also produce a chart showing drug apprehension data from FY2021– FY2025 in the Big Bend Sector.

Dated: July 14, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Alexander J. Yun*
ALEXANDER J. YUN (D.C. Bar No. 90028923)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 14, 2026, I caused a copy of the foregoing to be served via email on counsel of record for Plaintiffs.

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice