**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FRIENDS OF THE RUIDOSA CHURCH et al.,

*Plaintiffs*,

v.

MARKWAYNE MULLIN et al.,

*Defendants*.

Case No. 3:26-cv-01099-KC

**PLAINTIFFS' OPPOSED MOTION FOR SCHEDULING ORDER**

## STATEMENT OF ISSUES

1. Whether to adopt Plaintiffs' proposed scheduling order for supplemental summary judgment briefing.

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b), Local Rule CV-16, and this Court's December 14, 2015 Standing Order on Pretrial Deadlines, Plaintiffs Friends of the Ruidosa Church, Danny William Miller Junior, and Center for Biological Diversity (the "Center") (collectively, "Plaintiffs") respectfully move for entry of a scheduling order in the above-captioned case for supplemental summary judgment briefing. Defendants oppose this Motion.

## STATEMENT OF FACTS

On June 23, 2026, this Court granted the Parties' Joint Motion for a Scheduling Order. ECF No. 16. Consistent with that Order, Plaintiffs filed their Motion for Summary Judgment on July 17, 2026. ECF No. 19. Subsequently, Defendants issued the Lower Canyons Waiver, 91 Fed. Reg. 46939 (July 27, 2026), and Plaintiffs moved to file a second supplement to their First Amended Complaint challenging that new Waiver. ECF No. 23. Because the Lower Canyons Waiver was issued after Plaintiffs filed their summary judgment motion, it has not been addressed in the parties' summary judgment briefing. The Lower Canyons Waiver is also distinct from the other challenged waivers because it extends beyond Border Patrol's Big Bend Sector and encompasses a portion of the Del Rio Sector.

To develop the factual record necessary to address the Lower Canyons Waiver, Plaintiffs have moved to amend this Court's scheduling order and lift the stay on discovery, ECF No. 51, and to compel Defendants' responses to Plaintiff Center's interrogatories and requests for production, ECF No. 81 (together, the "Discovery Motions"). The Discovery Motions remain pending before this Court.

On November 13, 2026, Plaintiffs offered to draft a joint motion with Defendants either proposing an agreed-upon schedule or setting forth the parties' differing scheduling preferences.

Decl. of Emma Yip ¶ 3 & Ex. 1. Defendants declined. *Id.*; *see also* Defs.' Response to Pls.' Notice Regarding Supreme Court Stay of PI and Proposal for Further Proceedings, ECF No. 80. On November 18, 2026, Defendants reaffirmed their opposition to Plaintiffs' proposed briefing schedule. *Id.* ¶ 4 & Ex. 1.

## ARGUMENT

Federal Rule of Civil Procedure 16(b)(2) requires the court to establish a preliminary scheduling order at the outset of a case and Rule 16(b)(4) permits modifications to a scheduling order "only for good cause and with the judge's consent." However, no analogous rule sets forth a standard for setting a new scheduling order on supplemental briefing.

A "district court has broad discretion to control its own docket." *Hudson v. Cleco Corp.*, 539 F. App'x 615, 617 (5th Cir. 2013) (per curiam) (unpublished) (quoting *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012)). Especially in determinations "regarding questions of the timing and sequence of motions in the district court," those decisions "best lie[] at the district court's discretion." *Enlow v. Tishomingo Cnty., Miss.*, 962 F.2d 501, 507 (5th Cir. 1992).

To the extent that the good cause standard is instructive at the current posture, courts in the Fifth Circuit evaluate good cause under Rule 16(b)(4) by considering "(1) the explanation for the need for the requested modification . . . ; (2) the importance of obtaining the modification; (3) potential prejudice in allowing the modification; and (4) whether the court may cure such prejudice through an appropriate continuance." *Zientek v. FedEx Ground Package System Inc,* Case No. 1:23-CV-00031-H-BU, 2024 WL 7122355, at *5 (N.D. Tex. Feb. 1, 2024) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)).

Here, good cause exists. A new schedule and additional briefing are important to the overall resolution of the case, and intended to accommodate necessary summary judgment briefing on the Lower Canyons Waiver. Should this Court determine that final disposition of Plaintiffs' claims is appropriate on summary judgment, additional briefing on the Lower Canyons, Del Rio Sector, and remedy would aid that determination. Additional briefing also poses no prejudice to Defendants, who are no longer preliminarily enjoined from pursuing border barrier construction through the pendency of this litigation and agree that supplemental summary judgment briefing is appropriate. *See* ECF Nos. 79, 80. Comparatively, Defendants' suggested briefing schedule (*see* ECF No. 80) would substantially prejudice Plaintiffs: it would foreclose Plaintiffs from obtaining and relying on discovery relevant to the Lower Canyons Waiver and unreasonably require Plaintiffs to file their initial brief by tomorrow, November 19. Discovery concerning the Lower Canyons Waiver is particularly important because Defendants rely on sector-wide apprehension figures in the Del Rio Sector to justify the waiver—but provide no information regarding the segment of that Sector encompassed by the Waiver, including, for example, the rate of actual unlawful crossings.

Thus, to address the Lower Canyons Waiver on summary judgment, Plaintiffs are prepared to expeditiously conduct narrow fact-finding and supplemental briefing that would allow the Court to consider all three Waivers jointly on summary judgment.

Should this Court grant the Discovery Motions, Plaintiffs propose the below supplemental briefing schedule, to allow sufficient time for the parties to request, provide, and review the requested expedited discovery:

- **On or before January 18, 2027:** Plaintiffs file supplemental summary judgment briefing, not to exceed 15 pages.
- **Within 10 days after Plaintiffs file their supplemental summary judgment briefing:** Defendants file a response, not to exceed 15 pages.

- **Within 7 days after Defendants file their response:** Plaintiffs file a reply, not to exceed 10 pages.

## CONCLUSION

Plaintiffs respectfully request that the Court adopt the above schedule to accommodate supplemental summary judgment briefing.

DATED: November 18, 2026

Respectfully submitted,

*/s/ Emma Yip*

Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

Zeynep J. Graves (CA Bar No. 298533)*
Shannon Eva Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 844-7160
Fax: (520) 623-9797
zgraves@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Charlotte Weiss (NY Attorney ID: 6313639)*
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760
Tel: (512) 474-5073 ext. 225
cweiss@texascivilrightsproject.org

** Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means.

DATED: November 18, 2026

Respectfully submitted,

*/s/ Emma Yip*

Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org